ARKANSAS STATE HIGHWAY COMMISSION *v.* CLAYTON,
STATE TREASURER.

5-1075                               292 S. W. 2d 77

Opinion delivered July 2, 1956.

*W. R. Thrasher* and *Dowell Anders,* for appellant.

*Tom Gentry,* Attorney General, *James L. Sloan,*
Chief Asst. Atty. General, for appellee.

SAM ROBINSON, Associate Justice. Act No. 248 of
the Acts of the General Assembly of Arkansas for 1951
provides for participation by employees of the State and
its political subdivisions in the benefits provided by the
federal Social Security Act. Employees of the State
Highway Department, in accordance with Act No. 427
of 1955, elected to participate in the social security pro-
gram. The State Comptroller fixed January 1, 1955 as
the effective date of coverage of the employees by the So-
cial Security Act. The Highway Commission did not
agree with the 1955 date, and fixed the date on Jan-
uary 1, 1956. The Comptroller insisted on January 1,
1955, and the Commissioners filed this action to enjoin
the State Treasurer and State Comptroller from using

Highway funds in connection with participating in social security coverage.

The facts are stipulated as follows: "It is hereby agreed by the parties hereto that: (1) That under the authority of Act 427, Ark. Acts of 1955, the employees of the State Highway Department did on November 14, 1955 hold a referendum on the question of whether they should be excluded or included under an agreement between the State and the Federal Government authorized by Act 248 Ark. Acts of 1951 which extended to State Employees Social Security coverage. The result of the referendum was that the employees favored Social Security coverage.

"(2) On December 29, 1955, the Governor executed his certificate to the Secretary of Health, Education and Welfare as to the results of the election as provided by Sec. 2(b) of Act 427 of 1955.

"(3) On January 3, 1956 a printed form, dated December 30, 1955, called 'Agreement' and executed by the State Comptroller as the 'State Agency' was received by the Highway Department from the State Comptroller with instructions that said agreement was to be executed by the Contracting Officer for the Arkansas State Highway Department for the purpose of extending Social Security coverage to the Highway Department employees. Item 'J' on said agreement fixed the effective date of the agreement and was received by the Highway Department with the effective date typed thereon as 'January 1, 1955.'

"(4) On January 4, 1956, the Director of the Highway Department replied to the State Comptroller's letter saying that the subject of the agreement would be submitted to the Highway Commission at its next meeting on January 25, 1956, and indicating that the January 1, 1955, effective date might not be acceptable.

"(5) On January 5, 1956 Modification No. 124 to the Arkansas State Social Security Agreement was approved for the State of Arkansas by the State Comp-

714

troller and then submitted to the Secretary of Health, Education and Welfare to extend Social Security Coverage to the Arkansas State Highway Department employees with the effective date thereon as January 1, 1955. This modification is shown as approved by the Federal Agency on January 27, 1956.

"(6) On January 25, 1956, the State Highway Commission, by Minute Order No. 1257, authorized the State Highway Director to enter into an agreement with the State Comptroller to extend Social Security coverage to Highway Department employees and fixed the effective date as January 1, 1956.

"(7) On January 26, 1956 the 'Agreement' was returned to the State Comptroller with Item 'J' the effective date thereon 'January 1, 1955' being struck out and the date 'January 1, 1956' inserted."

The defendants demurred; the demurrer was sustained, and the Highway Commissioners have appealed.

Act No. 248 of 1951 designates the State Comptroller as the "state agency," and Section 3(a) of the act provides: "The State Agency, with the approval of the Governor, is hereby authorized to enter on behalf of the State into an agreement with the Federal Security Administrator, consistent with the terms and provisions of this Act, for the purpose of extending the benefits of the Federal old-age and survivors insurance system to employees of the State or any political subdivision thereof with respect to services specified in such agreement which constitute 'employment' as defined in Section 2 of this Act. Such agreement may contain such provisions relating to coverage, benefits, contributions, effective date, modification and termination of the agreement, administration, and other appropriate provisions as the State Agency and Federal Security Administrator shall agree upon, but, except as may be otherwise required by or under the Social Security Act as to the services to be covered, such agreement shall provide in effect that: . . . " It is clear that Act 248 gives the Comptroller authority, with approval of the Governor, to enter into

an agreement with the federal security administrator as to the effective date of coverage of the employees of the State or any of its political subdivisions.

Appellants contend that the Highway Department is a political subdivision of the State, and that, under Section 5(a) of Act 248, the Comptroller is compelled to approve the date submitted by the political subdivision, and, further, that the Comptroller, under Section 5 (6b), has no authority to change the date selected by the Highway Commissioners. Section 2(f) of Act 248 defines a political subdivision as follows: "The term 'political subdivision' includes an instrumentality of a State, or one or more of its political subdivisions, or of a State and one or more of its political subdivisions, but only if such instrumentality is a juristic entity which is legally separate and distinct from the State or subdivision and only if its employees are not by virtue of their relation to such juristic entity employees of the State or subdivision." The Highway Department is not a juristic entity, and, furthermore, Highway Department employees are employees of the State. Moreover, political subdivisions have been defined as that "they embrace a certain territory and its inhabitants, organized for the public advantage, and not in the interest of particular individuals or classes; that their chief design is the exercise of governmental functions; and that to the electors residing within each is, to some extent, committed the power of local government, to be wielded either mediately or immediately within their territory for the pecuniary benefit of the people there residing." *Allison* v. *Corker*, 67 N. J. L. 596, 52 A. 362, 60 L. R. A. 564.

It is also contended by appellants that Amendment No. 42 to the Constitution of Arkansas makes the Highway Department a political subdivision. The amendment creates the Highway Commission and provides for the appointment of Commissioners by the Governor. It defines the duties of the Commissioners and fixes their terms of office. But in no way does the amendment make the Highway Department a political subdivision of

the State. Employees of the Highway Department are employees of the State of Arkansas, as distinguished from employees of a political subdivision of the State; their salaries are paid by the State Treasurer on warrants prepared and signed by the State Auditor.

Appellants further contend that the coverage for the employees cannot be made retroactive to January 1, 1955 for the reason that to do so would require the payment by the State, of an obligation from a prior biennium, from the current biennium appropriation. The appropriation that is being spent at present is for the 1955-57 biennium. The State's obligation to the federal government did not become due until January 27, 1956. By Act 220 of 1955 the General Assembly appropriated $1,500,000 to carry out requirements of the federal Social Security Act. Hence, the payment which became due January 27, 1956 was in the present biennium.

The court's decree sustaining the demurrer is correct, and is therefore affirmed.