Bennett R. BOLEN, Director of Finance,
City of San Antonio, Texas,
Appellant,

v.

BOARD OF FIREMEN, POLICEMEN AND FIRE ALARM OPERATORS' TRUSTEES OF SAN ANTONIO, TEXAS.

No. 13305.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 18, 1957.

Rehearing Denied Jan. 15, 1958.

Carlos C. Cadena, City Atty., A. W. Worthy, Jr., Asst. City Atty., San Antonio, for appellant.

Harvey L. Hardy, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by the Board of Firemen, Policemen and Fire Alarm Operators' Trustees of San Antonio, Texas, hereinafter referred to as "The Board," against Bennett R. Bolen, as Director of Finance for the City of San Antonio and ex officio Treasurer of the city, and by vir-

tue of the provisions of Section 6 of Art. 6243f, Vernon's Ann.Civ.Stats., treasurer of the pension fund administered by the Board, seeking a judgment declaring the Board's rights under Section 17 of Art. 6243f, Vernon's Ann.Civ.Stats., with respect to the State Constitution, and as to the validity and constitutionality of Chapter 242, Sec. 1, of the Acts, 1955, 54th Legislature, and as to the duty of defendant under such act.

Defendant filed a motion for summary judgment against the Board, requesting that Section 17 of Art. 6243f be declared to be unconstitutional under Art. 3, Secs. 50 and 52, and under Art. 11, Sec. 3 of the State Constitution Vernon's Ann.St.

■ The facts all being fully stipulated, the trial court denied defendant's motion, granted the Board's motion, and proceeded to render judgment declaring Sec. 17 of Article 6243f, Vernon's Ann.Civ.Stats., to be constitutional and valid, and further declared that defendant is the ministerial agent and custodian of the Firemen, Policemen and Fire Alarm Operators' Pension Fund, and has the duty to invest portions of the Board's reserve retirement fund in accordance with the orders of the Board, which are made in compliance with the terms of the above statutes. From that judgment the defendant has prosecuted this appeal.

The Board, composed of the Mayor, two city councilmen, two firemen and two policemen, directed the investment of funds under its jurisdiction, in investment trust shares which represent an interest in stock in private corporations. This action is authorized by Section 17 of Art. 6243f.

Appellant, who is ex officio treasurer of the funds of the pension system, refused to comply with the direction of the Board, on the ground that Section 17 violates the Texas Constitution, Art. 3, Secs. 50 and 52, and Art. 11, Sec. 3. Section 50 prohibits the State from loaning or pledging its credit to any individual or corporation, while

Section 52 prohibits any county, city, town or other political corporation or subdivision, from lending its credit to any individual or corporation, with some exceptions, which are not here involved.

The above provisions of the Constitution do not prohibit the Board from investing its reserve funds in the manner prescribed by Section 17, and, therefore, Section 17 is neither void nor unconstitutional. The Board is not any of the entities mentioned in said Sec. 50 or 52, or in Sec. 3 of Art. 11. The Board is not the State, nor is it a county, a city, a town or any other political corporation or subdivision of the State. The Board is simply a group of statutory trustees charged with the management of the Pension Funds of the Firemen, Policemen and Fire Alarm Operators of the City of San Antonio.

It is true that the city pays money into this trust fund, but once it is paid into the fund the city loses control over it and it no longer belongs to the city. The law just happens to name the mayor and two councilmen as members of the Board, but it might just as well have named someone else. The fact that the mayor and two councilmen happen to be members of the Board does not make the trust funds property belonging to the city. The City Treasurer just happens to be named as ex officio treasurer of the pension fund, but this fact, again, does not give the city, as such, any control over the funds or make them city property.

■ The Board just simply is not a political corporation nor a political subdivision of the State. It does not have any of the attributes of a political subdivision. A political subdivision contemplates: geographical area and boundaries, public elections, public officials, taxing power and a general public purpose or benefit. The Board has none of these attributes. For a definition of a political subdivision, see Allison v. Corker, 67 N.J.Law 596, 52 A. 362, 60 L.R.A. 564; Arkansas State Highway Commission v. Clayton, 226 Ark. 712,

292 S.W.2d 77; City of Norwalk v. Daniele, 143 Conn. 85, 119 A.2d 732, 733.

A city ward is not a political subdivision. Gibbany v. Ford, 29 N.M. 621, 225 P. 577, 579. A housing authority is not a political subdivision. Lloyd v. Twin Falls Housing Authority, 62 Idaho 592, 113 P.2d 1102. The Board of Regents of a State University is not a political subdivision of the State. State ex rel. Miller v. State Board of Education, 56 Idaho 210, 52 P.2d 141.

A case somewhat in point here is Wallace v. Childers, 198 Okl. 604, 180 P.2d 1005, 1007.

In that case the Court said:

"The Firemen's Relief and Pension Fund is not a municipally-owned fund, but is held only in a separate and distinct right and capacity. Federal Deposit Ins. Corp. v. Casady, 10 Cir., 106 F.2d 784. It is a trust fund in which the cities and towns have no pecuniary interest whatever."

The judgment of the trial court is affirmed.