

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 28, 1968

Honorable Marie Winters
Firemen's Pension Commissioner
Sam Houston Building
Austin, Texas

Opinion No. M-252

Re: Whether the making of investments in the name of a nominee and the payment of custodial fees are deemed to be within the provisions of Article 6243e, V.C.S.

Dear Mrs. Winters:

You have requested the opinion of this office regarding the above question. In this connection you have provided certain facts, which are quoted in part as follows:

"The Firemen's Pension Board of Amarillo has entered into a contract with a local bank for the 'custody, safekeeping, and handling of the funds and securities held by the Board of Trustees for the Firemen's Fund'. This contract permits the funds of the Firemen's Relief and Retirement Fund to be invested in the name of the bank's Nominee, . . . and further provides a custodial fee to be paid to the bank in the amount of $3,000.00 for the year 1968.

"There is no provision in Section 3 of the Law for investments or funds to be held in any name other than the name of the Firemen's Relief and Retirement Fund Trustees. No other Pension Board has ever invested otherwise nor have they questioned the advice of this office that funds could not be invested in the name of the Pension Board Trustees.

"It is also the opinion of this office that the fee of $3,000.00 to the bank for custody and safekeeping is not permitted by the Law. I have contacted other Boards with large sums of money to invest and no bank has charged them for the custody or handling of the funds."

Section 3 of Article 6243e, Vernon's Civil Statutes, sets forth the powers and duties of a Board of Firemen's Relief and Retirement Fund Trustees. Included in these duties

- 1226 -

are the receipt, handling and control, management and disbursement of the Firemen's Relief and Retirement Fund for the respective city or town. The city treasurer or chief financial officer is made a member of the Board of Trustees and treasurer thereof; that official's signature is one of those necessary to any disbursement made from the Fund; and he is made the custodian of the Firemen's Relief and Retirement Fund.

Sections 23 and 23A of Article 6243e provide for the investment of Fund monies over and above the amounts needed for current demands. These sections identify the types of investments that may be considered for the Fund, and in Section 23A(c), the following is stated:

> "In making each and all of such investments the Board shall exercise the judgment and care under the circumstances then prevailing which men of ordinary prudence, discretion, and intelligence exercise in the management of their own affairs not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income therefrom as well as the probable safety of their capital."

Section 23B of Article 6243e authorizes the employment of professional investment counselors to assist the Board of Trustees in making investment decisions.

The contract which you have submitted appears to be a departure from ordinary pension fund practice in this State. This contract is one of agency, whereby the contracting bank is to act as custodian for all the investment funds and securities of the Firemen's Relief and Retirement Fund. The bank executes buy and sell orders made by the Board of Trustees, purchasing securities in the name of a nominee. The books of the bank reflect at all times the interests actually owned by the Fund. For its administrative services, the bank makes a charge, and it is this charge which has occasioned this opinion request, because of doubt as to whether assets or income of the Fund may be used in making payment.

A Firemen's Relief and Retirement Fund is a trust under the Texas Trust Act. See Article 7425d, Vernon's Civil Statutes; Bolen v. Board of Firemen, Policemen and Fire Alarm Operators' Trustees of San Antonio, 308 S.W.2d 904 (Tex.Civ. App. 1957, error ref.); Weyel v. Board of Firemen, Policemen and Fire Operators' Trustees, 345 S.W.2d 456 (Tex.Civ.App., 1961, error ref. n.r.e.). Since Article 6243e, in establishing the various Firemen's Relief and Retirement Funds, did not

clearly set out all the terms and conditions for the mechanical operation of the Funds, we must look to the general law for guidance, which in this case is the Texas Trust Act.

Under Article 7425b-16, Vernon's Civil Statutes, a trustee (or board of trustees) may hold assets in the name of a nominee, subject to certain conditions. For our purposes here, we assume that these conditions have been met. Also, under Article 7425b-36, the costs of trust administration are properly payable out of the income of the trust estate. Under Article 7425b-25H, trustees are empowered to hire agents reasonably necessary in the administration of the trust.

While the Board of Trustees concerned here may seem to have involved themselves in quite elaborate investment procedures, it is our view that these procedures are generally within the scope of their authority in administering and investing the trust funds under their control. However, in connection with the cost of the bank service involved here, the attention of the trustees is particularly directed to Section 23A(c), quoted supra. In answer to your specific question, you are advised that it is the opinion of this office that the Board of Trustees involved may properly permit Fund investments to be made in the name of a nominee, and may pay the cost of an agency contract of the type described from the income of the Firemen's Relief and Pension Fund.

## S U M M A R Y

Under the facts submitted a Board of Trustees of a Firemen's Relief and Retirement Fund may permit Fund investments to be made in the name of a nominee, and has the authority to use trust fund income to pay the costs of administering the investments of the trust.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

Hon. Marie Winters, page 4 (M-252)


W. O. Shultz
Tom Fortescue
Harold Kennedy
Rex White

A. J. CARUBBI, JR.
Executive Assistant