

# The Attorney General of Texas

March 15, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Ms. Rita Horwitz
Executive Director
State Pension Review Board
P. O. Box 13498
Austin, Texas    78711

Opinion No.  JM-137

Re:  Whether a hospital authority must register with the State Pension Review Board

Dear Ms. Horwitz:

Chapter 12 of title 110B, V.T.C.S., imposes various requirements on "public retirement systems." Section 12.001(2) of title 110B defines such a system as:

> a continuing, organized program of service retirement, disability retirement, or death benefits for officers or employees of the state <u>or a political subdivision</u>, other than a program providing only workers' compensation benefits, a program administered by the federal government, or . . . . (Emphasis added).

You have asked whether the Richardson Hospital Authority is a "political subdivision" within the meaning of this provision.

Section 3 of article 4494r, V.T.C.S., authorizes counties to create county hospital authorities, and it expressly provides that such authorities are "political subdivision[s] of this State." On the other hand, section 3 of article 4437e, V.T.C.S., which authorizes cities to create city hospital authorities, such as the Richardson Hospital Authority, does not provide that such authorities are political subdivisions. We must determine whether the failure of this latter provision to so provide means that the legislature did not intend for city hospital authorities to be classified as political subdivisions, or whether the omission of the words "political subdivision of this State," which appear in section 3 of article 4494r, was a mere oversight on the legislature's part.

<u>Bolen v. Board of Firemen, Policemen and Fire Alarm Operators' Trustees of San Antonio</u>, 308 S.W.2d 904 (Tex. Civ. App. – San Antonio 1957, writ ref'd), sets forth the criteria that are generally used in determining whether an entity is a "political subdivision." There, the court stated:

> A political subdivision contemplates: geographical area and boundaries, public elections, public officials, taxing power and a general public purpose or benefit.

Id. at 905. The second of these criteria was recently modified sub silentio by the Texas Supreme Court. In Guaranty Petroleum Corporation v. Armstrong, 609 S.W.2d 529, 531 (Tex. 1980), the court, distinguishing between a "political subdivision" and "a department, board or agency of the State," stated that

> [m]embers of the governing body of a political subdivision are elected in local elections or are appointed by locally elected officials. (Emphasis added).

County hospital authorities clearly meet at least four of these five criteria. They have geographical area and boundaries. V.T.C.S. art. 4494r, §3. Members of their boards of directors are appointed by the governing bodies of the counties that created them. Id. §4. Said members are unquestionably "public officials." Finally, county hospital authorities certainly promote "a general public purpose or benefit." County hospital authorities do not, however, have taxing power; instead, they have bonding authority. Id. §7 et seq. Notwithstanding the fact that county hospital authorities do not technically meet all five of the Bolen and Guaranty "political subdivision" criteria, however, such authorities clearly are political subdivisions, because section 3 of article 4494r declares that they are.

Like a county hospital authority, a city hospital authority has geographical area and boundaries, article 4437e, section 3, V.T.C.S., and a board of directors appointed by the city that created it. Id. §4. These directors are certainly "public officials," and the authority promotes "a general public purpose or benefit." Like county hospital authorities, moreover, city hospital authorities have bonding rather than taxing power. Id. §7 et seq. As noted, however, city hospital authorities are not expressly designated as "political subdivisions."

In our opinion, however, city hospital authorities should be deemed "political subdivisions" within the meaning of section 12.001 of title 110B. Only in a very literal sense do such authorities fail to meet the "taxing power" criterion of Bolen and Guaranty; one could reasonably argue, moreover, that this criterion is technically met, since bonding authority could be deemed an adequate substitute for taxing power, at least for purposes of this criterion. Even if this criterion is not precisely met, however, to conclude that city hospital authorities are for this reason not political subdivisions

is, in our view, to give entirely too much weight to what is at best a flimsy distinction.

Even more compelling is the fact that county and city hospital authorities meet the Bolen and Guaranty "political subdivision" criteria to precisely the same extent. Given this fact and the fact that county and city authorities are otherwise so similar, we can perceive no logical reason why the legislature would have wanted to include the former within the ambit of the term "political subdivision" but exclude the latter. We do not believe it would have intended to subject only the former to the requirements of chapter 12 of title 110B.

Section 3 of article 4437e was enacted in 1957. Acts 1957, 55th Leg., ch. 472 at 1379. Section 3 of article 4494r was enacted in 1963. Acts 1963, 58th Leg., ch. 122 at 324. One reason why only the latter mentions "political subdivisions" might be that when the legislature enacted this provision, it simply neglected to amend article 4437e. If section 3 of article 4437e had been enacted after section 3 of article 4494r, we believe the omission of any reference to "political subdivision" would be far more meaningful. Since the reverse occurred, however, we believe it is more likely that when it enacted article 4494r, the legislature simply was not concerned with article 4437e and therefore paid no attention to it.

For the foregoing reasons, we conclude that the Richardson Hospital Authority is a "political subdivision" within the meaning of section 12.001 of title 110B.

## S U M M A R Y

The Richardson Hospital Authority is a "political subdivision" within the meaning of section 12.001 of title 110B, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Patricia Hinojosa
Jim Moellinger
Nancy Sutton