

# THE ATTORNEY GENERAL
## OF TEXAS

June 29, 1988

JIM MATTOX
ATTORNEY GENERAL

Ms. Helen L. Campbell
Commissioner
Firemen's Pension Commission
3910 S. I.H. 35, Suite 235
Austin, Texas 78704

Opinion No. JM-926

Re: Whether the board of trustees of the Austin Fire Fighters' Relief and Retirement Fund may expend funds to hire an administrator and an attorney, and related questions (RQ-1398)

Dear Ms. Campbell:

You ask the following questions regarding the authority of a board of trustees of a fire fighters' relief and retirement fund established pursuant to article 6243e.1, V.T.C.S.:

> 1. Can the board of trustees incur reasonable expenses to hire an administrator and establish an office separate from the city of Austin pursuant to article 6243e.1, and other applicable laws of the state of Texas?
>
> 2. Can the board of trustees incur reasonable expenses to hire an attorney to represent the board in matters outside those specifically included in section 17 of the law?
>
> 3. Does the board of trustees or the city treasurer have custody of the records of the fund, pursuant to their respective roles under the statute?

Although your questions are couched in terms of the city of Austin, our answers will refer to "the city" because the act relates to all cities of a certain population.

Section 2, article 6243e.1, V.T.C.S., creates the fund, establishes the board of trustees, and generally outlines the duties of the board. That section establishes the duty of the board "to receive, handle and control, manage, and

disburse the fund for the respective city or town."   The remainder of the act is devoted to provisions related to the payment of contributions into the fund, payment of benefits out of the fund, and investment and accounting requirements.

Your first question, regarding the board's authority to hire personnel and to establish an office separate from the city, is answered in the affirmative. The statute, by its express terms, grants the board the authority to use fund assets "for reasonable expenses of administering the fund." V.T.C.S. art. 6243e.1, § 18(1). Although that provision is reasonably clear, there is considerable disagreement as to its effect. We find the same authority in the cumulative effect of the statute.

The general rule on the powers of administrative agencies is stated as follows:

> The agency has only such powers as are expressly conferred on it by statute together with those necessarily implied from powers and duties expressly given or imposed.

2 Tex. Jur. 3d Administrative Law § 11. In regard to powers that are necessarily implied from those that are expressly granted, the Texas Supreme Court has written:

> The grant of an express power carries with it by necessary implication every other power necessary and proper to the execution of the power expressly granted. When the law commands anything to be done, it authorizes the performance of whatever may be necessary for executing its commands.

Terrell v. Sparks, 135 S.W. 519, 521 (Tex. 1911).

It is readily apparent from a reading of the statute that the legislature intended to create an administrative agency apart from the municipality. The board is charged with the duty to keep records of all claims, receipts and disbursements (section 2), make all disbursements (section 2), make factual determinations in regard to individual claimants (sections 3, 4, 5, 6, 8, 10, 11, 14), and generally invest the funds. The city has only the duty to supply a book or books in which the board must enter its records (section 2) and to make contributions to the fund (section 10). The city may pay the costs of professional investment counselors (section 18(a)), professional investment evaluation services (section 18(g)), bank

services (section 18(j)), actuarial services (section 19(f)), and accounting services (section 21). The relation of a city to a fund very similar to the pension fund at issue here was described in a judicial opinion thirty years ago.

> It is true that the city pays money into this trust fund, but once it is paid into the fund the city loses control over it and it no longer belongs to the city. . . . The City Treasurer just happens to be named as ex officio treasurer of the pension fund, but this fact, again, does not give the city, as such, any control over the funds or make them city property.

Bolen v. Board of Firemen, Policemen, and Fire Alarm Operators' Trustees of San Antonio, Texas, 308 S.W.2d 904, 905 (Tex. Civ. App. - San Antonio 1957, writ ref'd).

Some provisions of the act require complex calculations to determine the amount of retirement or disability benefits (sections 3, 5), and others require the maintenance of files relating to individuals' eligibility for benefits (sections 5, 6, 10, 11). We believe that the duties that are imposed on this board necessarily imply the authority to establish an office and to hire an administrator and any other necessary personnel to accomplish the purposes of the statute.

This conclusion is also supported by chapter 12, Title 110B, Public Retirement Systems, V.T.C.S.[1] That chapter applies to all "continuing, organized program[s] of service retirement, disability retirement, or death benefits for officers or employees of the state or a political subdivision" with some exceptions that are not relevant here.

---

1. Our determination is also supported by the application of the Texas Trust Act, section 111.001 et seq. of the Property Code. This office has issued Attorney General Opinion M-252 (1968), applying the Texas Trust Act to define the powers and duties of a board of trustees of a similar relief and retirement fund, where the enabling statute was unclear. Section 113.018 of the Property Code authorizes a trustee, or the board in this case to "employ attorneys, accountants, agents, and brokers reasonably necessary in the administration of the trust estate."

V.T.C.S. Title 110B, § 12.001(2).   Therefore, chapter 12, Title 110B applies to article 6243e.1.  Section 12.203(a) defines the level of care that a governing body of a public retirement system is required to exercise:

> (a)   In making and supervising investments of the reserve fund of a public retirement system, an investment manager or the governing body shall discharge its duties solely in the interest of the participants and beneficiaries:
>
> > (1)   for the exclusive purposes of:
> >
> > > (A)   providing benefits to participants and their beneficiaries; and
> > >
> > > (B)   <u>defraying reasonable expenses of administering the system</u>.  (Emphasis added.)

Your second question, regarding the authority of the board to incur reasonable legal expenses, is also answered in the affirmative.  There are two provisions in the statute that refer to legal representation.  Section 17 requires the city attorney to "represent the board of trustees of that city in all cases of appeal by any claimant from the order or decision of the board of trustees."  The terms of that provision preclude representation of the board by anyone other than the city attorney in those cases.

Section 20 authorizes the board to recover by civil action any monies obtained from the fund through fraud, misrepresentation or otherwise illegal activities.  Unlike the earlier section, section 20 does not require the city attorney to represent the board.  Inasmuch as the provision is silent in regard to legal representation, it is our opinion that the board is authorized to employ an attorney in those cases.

Texas law requires that public administrative bodies have statutory authority in order to sue or be sued.  The Texas Supreme Court, in upholding a decision that disallowed the Industrial Accident Board from joining in a suit, said:

> The right to sue and be sued has not been conferred upon [the board].  It is the general rule that a public administrative body cannot sue or be sued in the absence of statutory authority.

<u>Texas Employers' Insurance Association v. Elder</u>, 282 S.W.2d 371, 376 (Tex. 1955).

Employing that rule, we must find that the board has no authority to sue or to be sued other than that found in sections 17 and 20. However, it is foreseeable that the board may require legal assistance outside of the courtroom. Such legal advice is outside of the general prohibition on suing or being sued and is well within the board's general authority to manage and disburse the fund.

Your third question relates to custody of the board's records. The city treasurer is an ex-officio member of the board and is secretary-treasurer of the board (section 2). As such, he is subject to the orders and direction of the board, acting as a body. The duties of the city treasurer as city treasurer are separate and distinct from his duties as secretary-treasurer of the board. <u>Cf.</u> <u>Bolen</u>, <u>supra</u>. While the statute designates the treasurer to be custodian of the fund, it is silent as to custody of the records. The board is required to keep financial records and has authority to hear all applications for benefits. The board must have custody of its own records in order to perform its day-to-day operations. If the board should remove its office from the city offices, a person seeking access to those records under the Open Records Act (article 6252-17a, V.T.C.S.) would reasonably expect to find them at the office of the board. Furthermore, the Open Records Act designates the chief administrative officer as custodian of the public records. Implicit in article 6243e.1 is the board's authority to control custody of the records of the fund. Should the board hire an administrator, that person, under the terms of the open records act, would have custody of the records.

To recapitulate our findings: we find that a board of trustees of a fire fighters' relief and retirement fund established under article 6243e.1, V.T.C.S., is authorized to establish an office and hire necessary personnel apart from the city. The board may hire an attorney for general legal advice and for prosecuting suits to recover money that was illegally obtained from the fund. The board must have custody of its records.

### S U M M A R Y

The board of trustees of a fire fighters relief and retirement fund established under article 6243e.1, V.T.C.S., is authorized to establish an office and hire necessary personnel apart from the city. The board may hire an attorney in certain cases, and the board has custody of its records.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General