The Honorable John Paul Verkamp State Representative 1405 West Center Street Greenwood, Arkansas 72936-3405
Dear Representative Verkamp:
I am writing in response to your request for an opinion on the following questions regarding the City of Ozark and its Planning and Zoning Commission:
 1. What is the residency requirement for a potential appointee to the City Planning and Zoning Commission?
 2. Can the appointee be a resident of the jurisdictional planning area but live outside the city limits?
RESPONSE
The answers to your questions are unclear under current law. Current state statutes do not address the issue and the proper application of the residency requirement of the Arkansas Constitution is uncertain. In my opinion, current law seems to indicate that such a commission member must reside within the corporate limits of the municipality. There is a pending bill in the Arkansas legislature, however, which, if enacted, would change the law and not only allow, but require representation on such commissions from the outlying planning area.
Question 1 — What is the residency requirement for a potential appointeeto the City Planning and Zoning Commission?
The composition of municipal planning commissions is governed by A.C.A. §§ 14-56-401- to 426 (Repl. 1998). Sections 14-56-404; 405 and 406 provide as follows:
14-56-404. Planning commission created.
 (a) The legislative body of the municipality may create a planning commission of not less than five (5) members, of whom at least two-thirds (2/3) shall not hold any other municipal office or appointment except membership in the board of adjustment or a joint planning agency.
 (b) The legislative body may confer on the commission the powers necessary to carry out the municipal plan.
 14-56-405. Appointment of members.
 Appointment and terms of the members of the planning commission shall be as provided by city ordinance.
 14-56-406. Commission officers.
 (a) The planning commission shall designate one of its members as chairman and select a vice-chairman and such other officers as it may require.
 (b) The terms of office of the chairman and other officers of the commission shall be as provided by the rules of the planning commission.
These statutes do not address the qualifications of commission members. The answer to your first question is therefore unclear under current state law. As will be discussed below, however, the Arkansas Constitution has some bearing on the question.
Question 2 — Can the appointee be a resident of the jurisdictionalplanning area but live outside the city limits?
It is my opinion that the answer to this question is also unclear under current law. My best legal judgment, however, is that under current law, the answer is in all likelihood "no."
As a general rule, even in the absence of a relevant statute, city officers[1] must ordinarily be residents of the municipality they serve. This result is compelled by the Arkansas Constitution, which provides, at article 19, § 3 as follows:
 No persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
The language of this provision refers to elections and to the filling of "vacancies" in "any office." It has apparently been applied in cases of elective and appointive offices and to the filling of vacancies therein.See, e.g., Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948);Charisse v. Eldred, 252 Ark. 101, 477 S.W.2d 480 (1972); and Davis v.Holt, 304 Ark. 619, 804 S.W.2d 362 (1991); Brown v. Anderson,210 Ark. 970, 198 S.W.2d 188 (1946); Trussell v. Fish, 202 Ark. 956,154 S.W.2d 587 (1941); and State ex rel Gray v. Hodges, 107 Ark. 272,154 S.W. 506 (1913). This provision applies to city officers, and has been held to require the officer's residence in the "political subdivision to be served by the official."[2] Thomas v. Sitton, 213 Ark. 816,212 S.W.2d 710 (1948), and Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362
(1991).
The question thus raised in the instant situation is whether the "political subdivision to be served" is the City of Ozark, or both the area within the city limits and the surrounding area within the planning commission's jurisdiction, which includes "all land lying within five (5) miles of the corporate limits." A.C.A. § 14-56-413(a)(1)(A).
I have not found any helpful case law on the precise point. The term "political subdivision" has been defined, however, in Arkansas HighwayCommission v. Clayton, 226 Ark. 712, 292 S.W.2d 77 (1956), as follows:
 [P]olitical subdivisions have been defined as that `they embrace a certain territory and its inhabitants, organized for the public advantage, and not in the interest of particular individuals or classes; that their chief design is the exercise of governmental functions; and that to the electors residing within each is, to some extent, committed the power of local government, to be wielded either mediately or immediately within their territory for the peculiar benefit of the people there residing.'
226 Ark. at 715, quoting Allison v. Corker, 67 N.J.L. 596, 52 A. 362.
In my opinion the application of this definition and the law of Arkansas to your question is unclear. In my opinion, however, under current law, it appears that the "political subdivision" to be served by the planning commissioners is the City of Ozark. Under current law, it is only Ozark city residents who have been "committed the power of local government." Residents living outside the city limits, but within the planning jurisdiction do not have any representation on the commission under current law. The planning commission is created and empowered by the city council, a body which these residents had no part in electing. It is thus difficult to conclude that such residents are a part of the "political subdivision" to be served by the planning commission. Cf., Ops. Att'y. Gen. 96-187 (school board member not disqualified when he removes residence from single member zone to elsewhere in the school district because the school district, and not the single member zone, is the "political subdivision" to be served); 92-045 (absent statute or ordinance, representative of joint sanitation authority need not reside in the city whom he represents, as long as he resides within the boundaries of the sanitation authority which is the "political subdivision" to be served) and 91-283 (statute authorizing city advertising promotion and commission member to either be appointed from within the city limits or outside the limits but within the outlying county is unconstitutional as contravening art. 19, § 3 because the city is the "political subdivision" to be served).
A pending bill in the Arkansas legislature, however, would require representation on municipal planning commissions from the area outlying the city but within the planning commission's jurisdiction. See Senate Bill 92, § 1 (83rd General Assembly, Regular Session 2001). If passed, this Bill would be presumed constitutional and may, in my opinion, alter the analysis of the "political subdivision to be served" under art. 19, § 3. Absent such passage, however, it is my opinion that the answer to your second question is "no."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] It is my opinion that members of a city planning board are "officers" for purposes of this provision. See e.g., Op. Att'y. Gen.97-067.
[2] Although art. 19, § 4 contains a more straightforward residency requirement, it does not apply to municipal offices.