

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 22, 2003

Mr. Clarence R. Josselet, ARM, CPCU
Executive Director
State Office of Risk Management
300 West 15th Street
Austin, Texas 78701

Opinion No. GA-0075

Re: Whether the Employees Retirement System and the Teacher Retirement System must pay a share of the state employee workers' compensation claims costs allocated under Labor Code section 412.0123 (RQ-0001-GA)

Dear Mr. Josselet:

You ask whether the Employees Retirement System (the "ERS") and the Teacher Retirement System (the "TRS") must pay the state employee workers' compensation fund allocation that the State Office of Risk Management (the "SORM") has set under section 412.0123 of the Labor Code.[1]

### I.    Facts

In accordance with the SORM's authority under chapter 412 of the Labor Code to allocate the state's workers' compensation claims costs among state agencies, *see* TEX. LAB. CODE ANN. § 412.0123(a) (Vernon Supp. 2003), *as adopted by* Act of May 22, 2001, 77th Leg., R.S., ch. 559, § 1, 2001 Tex. Gen. Laws 1076, 1076[2], the SORM assessed both the ERS and the TRS for fiscal year 2002. *See* Request Letter, *supra* note 1, at 2. The ERS and TRS had paid allocations in the years prior to 2001, when the allocations covered only the SORM's administrative costs. *See id.* at 6 ("historically, both ERS and TRS have" fully participated "in the state's self-insured program and have paid all amounts required by the Legislature prior to" amendments made in 2001). Prior to the 2002 allocation, the ERS and the TRS also reimbursed the state in full for workers' compensation claims costs that the state paid on their behalf.[3] But in accordance with amendments made to chapter

---

[1]Letter from Clarence R. Josselet, ARM, CPCU, Executive Director, State Office of Risk Management, to Honorable John Cornyn, Texas Attorney General at 1 (Nov. 22, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Hereinafter "Act of May 22, 2001."

[3]Letter from Conni Brennan, General Counsel, and Charmaine Skillman, Assistant General Counsel, Teacher Retirement System of Texas, to Nancy Fuller, Chair, Opinion Committee, Texas Attorney General at 4 (Feb. 24, 2003) (on file with Opinion Committee) [hereinafter TRS Letter].

412 in 2001, allocations for fiscal year 2002 included a share of the state's workers' compensation claims costs in addition to the SORM's administrative costs. *See* TEX. LAB. CODE ANN. § 412.0123(a) (Vernon Supp. 2003), *as adopted by* Act of May 25, 2001, 77th Leg., R.S., ch. 1456, § 14.01, 2001 Tex. Gen. Laws 5167, 5194-95[4] *and by* Act of May 22, 2001, § 1, 2001 Tex. Gen. Laws at 1076. Neither retirement system paid the full allocation for fiscal year 2002; rather, each paid the amount it "determined to be reasonable." Request Letter, *supra* note 1, at 2.

## II.     Relevant Law

### A.     Authority to Establish Workers' Compensation Program

The legislature is constitutionally authorized to provide for workers' compensation insurance for "such [s]tate employees, as in its judgment is necessary or required; and to provide for the payment of all costs, charges, and premiums on such policies of insurance." TEX. CONST. art. III, § 59. A state employee with a "compensable injury" is entitled to compensation through the state's workers' compensation insurance program. TEX. LAB. CODE ANN. § 501.021 (Vernon 1996); *see also id.* § 501.001(2) (Vernon Supp. 2003) (defining the term "compensable injury"). Labor Code chapter 412 enables SORM to administer "the government employees workers' compensation insurance program." *Id.* § 412.011(a).

The SORM itself is administered with legislatively appropriated funds and "through the allocation program for the financing of state workers' compensation benefits and risk management costs." *Id.* § 412.012, *as adopted by* Act of May 25, 2001, § 14.01, 2001 Tex. Gen. Laws at 5194-95 *and by* Act of May 22, 2001, § 1, 2001 Tex. Gen. Laws at 1076; *cf. id.*, *as adopted by* Act of May 27, 2001, 77th Leg., R.S., ch. 1017, § 1.02, 2001 Tex. Gen. Laws 2226, 2227[5] (adding that SORM also shall be administered through interagency contracts). In the allocation program, each state agency must enter an interagency contract with SORM to pay an allocated share of SORM's administrative costs: SORM employees' services; materials; and equipment. *Id.* § 412.0121(a), (b), *as adopted by* Act of May 25, 2001, § 14.01, 2001 Tex. Gen. Laws at 5194-95 *and by* Act of May 22, 2001, § 1, 2001 Tex. Gen. Laws at 1076; *id.*, *as adopted by* Act of May 27, 2001, § 1.02, 2001 Tex. Gen. Laws at 2227. Additionally, since the effective date of the 2001 amendments to chapter 412, each state agency must pay an allocated share of all of the participating agencies' workers' compensation claims. *Id.* § 412.0123(a), *as adopted by* Act of May 25, 2001, § 14.01, 2001 Tex. Gen. Laws at 5194-95 *and by* Act of May 22, 2001, § 1, 2001 Tex. Gen. Laws at 1076. For purposes of chapter 412, the term "state agency" means "a board, commission, department, office, or other agency in the executive, judicial, or legislative branch of state government that has five or more employees, was created by the constitution or a statute of this state, and has authority not limited to a specific geographical portion of the state." *Id.* § 412.001(4).

---

[4]Hereinafter "Act of May 25, 2001."

[5]Hereinafter "Act of May 27, 2001."

In accordance with its authority to adopt rules necessary to implement chapter 412, *see id.* § 412.031, SORM has promulgated a rule specifying a formula to calculate each state agency's allocation:

> The total assessment will be divided among participating agencies based on each agency's:
>
>> (1) payroll as a percentage of all participating agencies' payroll;
>>
>> (2) [full-time employees (FTEs)] as a percentage of the total of all participating agencies' FTEs;
>>
>> (3) the total number of accepted claims as multiplied by the agency's [injury frequency rate] modifier;
>>
>> (4) claim costs as a percentage of all claims payments made on behalf of participating agencies; and
>>
>> (5) such other relevant factors as the Board may determine.

28 TEX. ADMIN. CODE § 251.507(a) (2003); *see also id.* § 251.503 (defining terms). SORM rules limit "[t]he amount of the total allocation determined by an agency's modified total number of accepted claims," which cannot exceed two percent of the agency's weighted average payroll. *Id.* § 251.507(f). The rules similarly limit "[t]he amount of the total allocation determined by claims costs" to no more than four percent "of an agency's weighted average payroll." *Id.* "The difference between the formula-based assessment amount and cap established herein shall be allocated among all other agencies in the same manner and within the same factors as the initial assessment calculation." *Id.*

## B.     Authority to Establish Retirement Systems

Article XVI, section 67 of the Texas Constitution authorizes the legislature to "enact general laws establishing systems and programs of retirement . . . for public employees and officers." TEX. CONST. art. XVI, § 67(a)(1). *See generally* Tex. Att'y Gen. Op. No. JC-0043 (1999) at 4-6 ("History of article XVI, section 67 of the Texas Constitution"). This constitutional provision further requires the legislature to establish TRS "to provide benefits for persons employed in the public schools, colleges, and universities supported wholly or partly by the state" and ERS "to provide benefits for officers and employees of the state and such state-compensated officers and employees of appellate courts and judicial districts as may be included under the system by law." TEX. CONST. art. XVI, § 67(b)(1), (2). Deductions from state employees' and teachers' salaries fund the retirement systems, together with a contribution from the state calculated as a percentage of the number on the payroll in a fiscal year. *See* General Appropriations Act, 77th Leg., R.S., ch. 1515, art. I, I-34, rider 3, art. III, III-41, rider 3, 2001 Tex. Gen. Laws 5411, 5462, 5702. Article XVI,

section 67(a) directs that a system's assets "are held in trust for the benefit of members and may not be diverted." TEX. CONST. art. XVI, § 67(a).

The ERS's governing board administers and operates ERS's trust fund and "is the trustee of the system's assets." *See* TEX. GOV'T CODE ANN. §§ 811.003, 815.101, 815.103(a) (Vernon 1994 & Supp. 2003). The comptroller has custody of ERS's trust assets unless ERS's governing board, in the exercise of its constitutional discretion, has selected a commercial entity "to serve as custodian of all or part of the retirement system's assets." *Id.* §§ 815.207(a), (d), 815.310(a) (Vernon Supp. 2003). All of ERS's assets in the comptroller's trust fund must be credited to one of five accounts, including an "expense account," *id.* § 815.310(b), that ERS must use to pay its administrative and maintenance expenses. *Id.* § 815.315(b) (Vernon 1994).

Similar statutes create TRS's board of trustees, which administers and operates TRS. *See id.* §§ 821.003, 825.101. TRS's governing board "is the trustee of all assets of the retirement system." *Id.* § 825.103(a). The comptroller generally has custody of TRS's securities and cash, although TRS's governing board may select a commercial entity "to serve as custodian or custodians of all or part of the retirement system's assets." *Id.* § 825.207(a), (e) (Vernon Supp. 2003). TRS's assets "shall be credited, according to the purpose for which they are held, to one of" six accounts, including an expense account from which TRS pays its administrative and maintenance expenses. *Id.* §§ 825.306, 825.312(b).

## III.    Analysis

You ask whether, because the retirement systems' funds are held in trust for their members' benefit under article XVI, section 67 of the Texas Constitution, the retirement systems' funds are excepted from paying the state employee workers' compensation allocation set under Labor Code section 412.0123. *See* Request Letter, *supra* note 1, at 1. Neither you nor either retirement system questions a retirement system's authority to provide workers' compensation coverage for their employees generally. *Cf.* Tex. Att'y Gen. Op. No. JM-1092 (1989) at 5-6 (suggesting that a governmental entity, including a retirement system, might have an interest in insuring against a loss of its funds through an officer's negligence). Rather, citing their low average yearly workers' compensation claims costs relative to, for example, the Department of Criminal Justice, the retirement systems argue that their allocations greatly exceed the costs of claims against them and divert retirement system trust funds to agencies with higher average claims, thereby violating article XVI, section 67(a) of the Texas Constitution.[6] *See* TEX. CONST. art. XVI, § 67(a); *supra* p. 3 (discussing article XVI, section 67); *see also* STATE OFFICE OF RISK MANAGEMENT, BIENNIAL REPORT TO THE 78TH LEGISLATURE app. 2 (Jan. 1, 2003) (Summary of Losses–By Agency FY 2002) (listing fiscal year 2002 workers' compensation claims by agency, including ERS ($5,351), TRS

---

[6]Letter from Paula A. Jones, General Counsel, Employees Retirement System of Texas, to Nancy Fuller, Chair, Opinion Committee, Texas Attorney General at 10-11 (Feb. 24, 2003) (on file with Opinion Committee) [hereinafter ERS Letter]; TRS Letter, *supra* note 3, at 5.

($16,869), and the Department of Criminal Justice ($25,494,331)).[7] Moreover, the retirement systems believe that section 506.002 of the Labor Code recognizes their continuing authority to reimburse the general revenue fund for claims paid on their behalf, rather than to pay allocated workers' compensation claims costs under section 412.0123(a). *See* TEX. LAB. CODE ANN. § 506.002 (Vernon Supp. 2003); ERS Letter, *supra* note 6, at 5-6; TRS Letter, *supra* note 3, at 16-18; *see also* TEX. LAB. CODE ANN. § 412.0123(a) (Vernon Supp. 2003), *as adopted by* Act of May 25, 2001, § 14.02, 2001 Tex. Gen. Laws at 5194-95 *and by* Act of May 22, 2001, § 1, 2001 Tex. Gen. Laws at 1076; *cf. id.* § 412.0121, *as adopted by* Act of May 27, 2001, § 1.02, 2001 Tex. Gen. Laws at 2227. Before these issues may be reached, however, the threshold issue—whether a retirement system is a state agency for purposes of chapter 412—must be determined.

Chapter 412's definition of the term "state agency" is sufficiently broad to include ERS and TRS. Each retirement system has more than five employees. *See* TEX. LAB. CODE ANN. § 412.001(4) (Vernon Supp. 2003) (defining the term "state agency"); General Appropriations Act, 77th Leg., R.S., ch. 1515, art. I, I-32, 2001 Tex. Gen. Laws 5411, 5462 (Number of Full-Time Equivalent Positions for ERS: 305); *id.* art. III, III-41, 2001 Tex. Gen. Laws at 5702 (Number of Full-Time-Equivalent Positions for TRS: 448). Each is within the executive branch of state government, was created by state statute in accordance with constitutional requirements, and has authority "not limited to a specific geographical portion of the state." TEX. LAB. CODE ANN. § 412.001(4) (Vernon Supp. 2003).

Nevertheless, with respect to required participation in the allocation program established under section 412.0123 of the Labor Code, which applies generally to all state agencies, section 506.002(a) contemplates a different plan that applies specifically to a state agency that holds its funds outside the state treasury and that reimburses the state's general revenue fund for workers' compensation payments:

> An agency or other instrumentality of state government that, with funds that are held outside the state treasury, reimburses the general revenue fund for workers' compensation payments made out of the general revenue fund to former or current employees of the agency or other instrumentality shall reimburse the general revenue fund by writing a check to the comptroller . . . .

*Id.* § 506.002(a); *see also id.* § 412.0123, *as adopted by* Act of May 25, 2001, § 14.02, 2001 Tex. Gen. Laws at 5194-95 *and by* Act of May 22, 2001, § 1, 2001 Tex. Gen. Laws at 1076. Section 506.002 thus recognizes a workers' compensation reimbursement system entirely different from chapter 412's allocation program. Sections 412.0123 and 506.002 cannot both apply to the same agency, or the agency would be forced to pay workers' compensation costs twice. Conflicting statutes, one general and one specific, should be construed so that both are effective. *See* TEX. GOV'T CODE ANN. § 311.026(a) (Vernon 1998). In this case, both can be given effect by construing

---

[7]*Available at* www.sorm.state.tx.us/Biennial03/appendix2.htm.

section 412.0123 not to apply to state agencies that hold their funds outside the state treasury and that reimburse the general revenue fund for workers' compensation claims in accordance with section 506.002.

This construction ascribes some meaning to section 506.002. A court construing a statute must presume that each part of a statute has some effect. *See id.* § 311.021(2); *Ex parte Pruitt*, 551 S.W.2d 706, 709 (Tex. 1977); *Eddins-Walcher Butane Co. v. Calvert*, 298 S.W.2d 93, 96 (Tex. 1957). Although the legislature arguably repealed provisions in chapter 412 that provided for a reimbursement system and repealed certain provisions in the current General Appropriations Act providing for a system of reimbursing workers' compensation claims paid out of general revenue funds, it did not repeal section 506.002.[8] *See* Act of May 25, 2001, § 14.01, 2001 Tex. Gen. Laws at 5194 (amending section 412.0122); Act of May 22, 2001, § 1, 2001 Tex. Gen. Laws at 1076 (same); General Appropriations Act, 77th Leg., R.S., ch. 1515, art. IX, § 6.37(g), 2001 Tex. Gen. Laws 5411, 6302 (stating that the adoption of chapter 412, Labor Code, preempts reimbursement requirements for "participating agencies"). *But see* Act of May 27, 2001, § 1.02, 2001 Tex. Gen. Laws at 2228 (setting out section 412.0122(b)). Moreover, the repeal of provisions in the General Appropriations Act does not affect ERS and TRS, which do not receive appropriated funds.[9] *See* Tex. Att'y Gen. Op. No. JM-427 (1986) at 5.

In addition, the reimbursement plan section 506.002 contemplates is important given the special character of ERS's and TRS's assets. Unlike most other state agencies' funds, ERS's and TRS's assets are constitutionally declared to be trusts that are held for members' benefit and that may not be diverted from that purpose. *See* TEX. CONST. art. XVI, § 67(a). As trust funds, they are held outside the state treasury and may be held even outside the custody of the state comptroller if the governing board, in the exercise of its discretion, decides to do so. *See* TEX. GOV'T CODE ANN. §§ 815.207(d), 825.207(e) (Vernon Supp. 2003). Finding that buildings and grounds purchased with ERS's or TRS's trust funds are "impressed with the trust," this office has concluded that a general statute placing the management of state real property in the hands of the State Board of Control did not apply to ERS's and TRS's real property. Tex. Att'y Gen. Op. No. C-705 (1966) at 5; *see* Tex. Att'y Gen. Op. No. M-644 (1970) at 2-3. Similarly, because retirement system funds are held in trust outside the general revenue fund, this office concluded that the statutory Position Classification Plan did not apply to retirement system employees. *See* Tex. Att'y Gen. Op. No. M-949 (1971) at 3.

---

[8]To the contrary, the current legislature is considering a bill that would amend section 506.002(d), as well as numerous other statutes, to permit, rather than require, the State Auditor's Office to audit certain state entities. *See* Tex. S.B. 19, § 62, 78th Leg., R.S. (2003).

[9]Although the retirement systems receive contributions from the state, calculated as a percentage of the number on the payroll in a fiscal year, these contributions are not considered appropriated funds. As the San Antonio court of civil appeals has stated with respect to municipal contributions to a pension fund, once the city pays money into the pension fund, it "loses control over [the money,] and it no longer belongs to the city." *Bolen v. Bd. of Firemen, Policemen & Fire Alarm Operators' Trs.*, 308 S.W.2d 904, 905 (Tex. Civ. App.–San Antonio 1957, writ ref'd).

## IV.     Conclusion

To give section 506.002 some effect, we construe section 412.0123 to apply to state agencies except those to whom section 506.002 applies—*i.e.*, state agencies that hold their funds outside the state treasury and that reimburse the general revenue fund for workers' compensation payments made on the agencies' behalf. *See* TEX. LAB. CODE ANN. § 506.002(a) (Vernon Supp. 2003); *see also id.* § 412.0123, *as adopted by* Act of May 25, 2001, § 14.02, 2001 Tex. Gen. Laws at 5194-95 *and by* Act of May 22, 2001, § 1, 2001 Tex. Gen. Laws at 1076. Because ERS's and TRS's funds are held "outside the treasury," *i.e.*, in a trust fund outside the general revenue fund, they may continue to use the reimbursement scheme that section 506.002 of the Labor Code recognizes. *See* TEX. LAB. CODE ANN. § 506.002(a) (Vernon Supp. 2003); *see also Friedman v. Am. Sur. Co. of N.Y.*, 151 S.W.2d 570, 576, 578 (Tex. 1941) (describing unemployment compensation fund as "not the property of the State" because the fund does not go into state treasury and benefits unemployed workers); Tex. Att'y Gen. Op. No. JM-427 (1986) at 4 (stating that a reference to funds held outside the state treasury is equivalent to funds held in special trust funds outside the general revenue fund).

Given this conclusion, we need not answer your second question: "To what extent are ERS and TRS funds subject to the assessment mandated by Labor Code [section] 412.012." Request Letter, *supra* note 1, at 1.

## S U M M A R Y

The allocation program that the State Office of Risk Management has established under section 412.0123 of the Labor Code applies to state agencies generally, with the exception of those agencies that hold their funds outside the state treasury and reimburse the general revenue fund under section 506.002 of the same code for workers' compensation claims costs. Because the Employees Retirement System and the Teacher Retirement System, whose funds are held in trust outside the state treasury, reimburse the state's general revenue fund under section 506.002(a), they are not required to participate in the allocation program established under Labor Code section 412.0123, *as adopted by* Act of May 25, 2001, 77th Leg., R.S., ch. 1456, § 14.01, 2001 Tex. Gen. Laws 5167, 5194-95, *and by* Act of May 22, 2001, 77th Leg., R.S., ch. 559, § 1, 2001 Tex. Gen. Laws 1076, 1076.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee