## JOBE v. URQUHART.

### Opinion delivered April 3, 1911.

STATE—SUIT AGAINST.—A suit against the Penitentiary Board to reform a contract for the purchase of a State convict farm is in effect a suit against the State within the inhibition of the Constitution (art. 5, § 19), providing that "the State of Arkansas shall never be made defendant in any of her courts."

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

#### STATEMENT BY THE COURT.

This suit was brought against the officials of the State who by law constitute the Board of Commissioners for the management of the Arkansas Penitentiary, to reform a contract of sale of certain lands to said board for the State for a convict farm. It was alleged that plaintiff sold to said Board two plantations in Lincoln County known as the Cummins place and the Maple Grove place, and that in writing up the contract of sale describing the lands particularly certain tracts were included by mistake that did not belong to plaintiff, and were not sold to said Board, and not intended to be described in said contract, and that certain other tracts that should have been included in said contract, and that constituted part of said farm, were omitted therefrom by

mistake, and that it was the intention of both parties that these certain tracts of land omitted were included in the sale, and should have been in the contract, and said certain tracts that were included were not sold and should not have been included in said contract.

Further, that plaintiff tendered a deed in compliance with the terms of the said contract and including all of the land contained in and constituting both the Cummins place and the Maple Grove place, but not including said tracts that were by mistake included in said contract of sale which should have been omitted therefrom, which deed the defendants, who were not members of the Board at the time the contract was executed and had no personal knowledge thereof, declined to accept because the descriptions therein did not agree with the descriptions of the land in the contract of sale.

The answer admitted the purchase of plantations except "that the land as particularly described in said contract called for a part of section 17, township 7, range 5." "That they have not sufficient knowledge upon which to form a belief as to whether this was a part of the Cummins plantation, but the defendants insisted that, as the contract called for all of section 17, the State is entitled to a deed for all of said section, whether it constituted part of the Cummins and Maple Grove plantations or not; denied sufficient knowledge or information upon which to form a belief as to whether a mistake was made or not in drafting said contract for the sale of land as alleged, also as to whether it was the intention of the grantor or of the Board to buy or sell less than all of said section; admitted that the land described in section 4 was, through a mistake, omitted from the contract of sale as alleged, and should be embraced in the deed tendered to the State; that plaintiff tendered a deed to all of the land described in the contract except said part of section 17 which he charged was included by mistake, and alleged that the deed was not in all respects in compliance with the terms of the contract of sale, and that they declined to accept same for that reason.

The testimony tended to show that the Board of Commissioners of the Penitentiary desired to purchase a State convict farm, and that W. H. Miller, agent of Urquhart, on the 19th day of September, 1902, proposed in writing to said Board, "I

hereby offer to sell you the Cummins and Maple Grove plantations in Lincoln County for the sum of $140,000," etc., and describing them in a general way. The Board at that time consisted of George W. Murphy, Attorney General; T. H. Bradford, Commissioner of Agriculture, etc.; T. C. Monroe, Auditor; J. W. Crockett, Secretary of State; and Jeff Davis, Governor. The last-named member did not participate in the negotiations.

On November 21 the record of the proceedings of the Board accepting the proposition of E. Urquhart shows: On motion the chairman appointed Messrs. Murphy and Bradford a committee to ascertain from W. H. Miller, as agent, the lowest price and best terms upon which the Cummins and Maple Grove plantations, Lincoln County, can be purchased by the State, and W. H. Miller, agent for E. Urquhart, came before the Board and was conferred with in their presence by the committee, and declined to modify the proposition heretofore made by him for Mr. Urquhart.

Gen. B. W. Green made a proposition to sell the State certain lands for use as a convict farm.

Mr. Murphy moved that the Board accept the proposition of Edmund Urquhart, as set forth in copy of contract read before the Board, to sell the State the farms known as the Cummins and Maple Grove, and direct the financial agent to pay the cash payment of $30,000, on the execution of the contract and acknowledgment of same by Edmund Urquhart; and that the president and secretary of the Board sign the contract as such, and that all other members of the Board who will do so sign the same.

This motion was adopted by the Board; and the following is a copy of the proposition submitted on November 21, 1902, and to which the contract was attached:

"Little Rock, Ark., Nov. 21, 1902.
*"To the Board of Commissioners for the Management of the*
    *"Arkansas Penitentiary:*

"Gentlemen: I herewith submit a proposition for the sale to your Board of the plantations known as the Cummins place and the Maple Grove place, which are fully set out and described in the contract accompanying this communication to your Board for a State convict farm. If the contract is accepted, I am pre-

pared to carry it out by delivering possession of the lands as soon as it can be executed and the cash payment made, subject to such possession, occupancy and control as may be necessary to enable me to gather, gin and bale the crop of cotton grown on the place during the present year.

> "Very respectfully,
>                          [Signed] "E. Urquhart."

The testimony was virtually undisputed that said plantations did not in fact include said certain tracts of land in section 17 that are alleged in the complaint to have been described in the contract of sale by mistake, and that same had never constituted a part of either of said plantations, and that the other lands in section 4 alleged to have been omitted by mistake from said contract of sale were in fact a part of said plantations sold.

The chancellor found that the said lands in section 17 were not intended to be sold or purchased, not being in fact a part of either of said plantations, and were included in the contract of sale by mistake, and that the other lands alleged to have been omitted by mistake were in fact sold and should have been included in the contract, and reformed the contract in accordance with the prayer of the petition. From this decree an appeal was taken.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* assistant, for appellee.

The court had no jurisdiction.

*Moore, Smith & Moore,* for appellee.

The jurisdiction to correct the mistake is unquestionable. 50 Ark. 179; 49 *Id.* 406.

KIRBY, J., (after stating the facts). We are confronted in this case with the proposition that the chancery court was without jurisdiction to hear or determine it because of the inhibition of the Constitution (art. 5, § 19): "The State of Arkansas shall never be made defendant in any of her courts."

It is true this objection was not formally raised by the Board below, but the pleadings and the testimony show conclusively that it is in effect and in fact a suit against the State. The Penitentiary Board is but an agency of the State, composed of certain officials thereof for the conduct and management of the

State Penitentiary and with authority to purchase a farm "upon which to work the State convicts," as provided in sections 5852-5855, Kirby's Digest. They had no authority to purchase these lands except as given therein, nor for any other purpose than a convict farm for the State, and bought them for the State, which alone could acquire and hold the title thereto. A new Board having come into power, composed of different persons from those constituting the Board at the time the purchase was made and the contract entered into, and without personal information thereof, declined to receive the deed tendered conveying to the State the lands purchasd by the old Board as a convict farm, because it did not contain certain tracts of land in section 17 shown by the said contract of sale with said old Board to have been included in the purchase.

This suit was against the State officers constituting the Board of Commissioners for the management of the Arkansas Penitentiary, not in their personal or individual capacity, but in their official capacity as said board, which the statute nowhere authorizes to sue or be sued, to reform the contract and in effect require the board to accept a deed to the State for less land in section 17 than was contained therein in the said contract of sale, and to pay therefor the price agreed upon and specified in the contract, thus completing the purchase of the convict farm for the State; and the court was without jurisdiction to hear it and render the judgment, and this without regard to whether the claim was just and meritorious or not. *Pitcock* v. *State,* 91 Ark. 527.

The court being without jurisdiction, its judgment was void, and the decree is reversed, and the cause dismissed.

Justices Wood and Hart dissent.