Muse *v.* Prescott School Dist.

5-2434

349 S. W. 2d 329

Opinion delivered September 11, 1961.

[Amended October 3, 1961.]

*McMillan & McMillan,* for appellant.

*R. D. Rouse,* for appellee Prescott School Dist.

*J. Frank Holt,* Attorney General, by *Milas H. Hale,* Asst. Attorney General, for Ark. Workmen's Compensation Commission.

Carleton Harris, Chief Justice. The question to be determined in this appeal is whether a teacher in the public schools falls within the general provisions of the Workmen's Compensation Act, and if not, does such teacher come within the purview of Act 462 of 1949, which provides compensation for the employees of the State of Arkansas, its agencies, departments, and institutions, for injuries arising out of and in the course of employment.

Donald Muse was an athletic coach and instructor of physical education at Prescott High School. Muse suffered a heart attack on March 26, 1960, and died on

March 27th. The widow and dependent children contend that his death resulted from an accidental injury arising out of and in the course of his employment. After the filing of a claim for compensation, the Prescott School District petitioned the Pulaski Circuit Court for a Writ of Prohibition, wherein it alleged that the Workmen's Compensation Commission had no jurisdiction to hear and determine the matter, and asked that the Commission be prohibited and restrained from proceeding with the cause. After a hearing, the court entered its order granting the petition, and from such order comes this appeal.

*Does the Workmen's Compensation Act provide coverage for teachers in the public schools?* The answer to this question is "no". Section 81-1302, Ark. Stats. (1947) Anno., defines the various terms used in the Compensation Act. Subsection (c) defines "employment", and subheading (1) under (c) is pertinent to this question. This paragraph reads as follows:

" 'Employment' means:

"(1) Every employment carried on in the State in which five (5) or more employees are regularly employed by the same employer in the course of business or businesses, except domestic service, agricultural farm labor, institutions maintained and operated wholly as public charities, *the State of Arkansas and each of the political subdivisions thereof*,[1] any person engaged in the vending, selling or offering for sale, or delivery directly to the general public, any newspapers, magazines or periodicals, or acting as sales agent or distributor as an independent contractor of or for any such newspaper, magazine or periodical.' "

The italicized portion precludes the granting of any compensation under the Act, for we have held that school districts are political subdivisions. In the case of *Arkansas Highway Commission* v. *Clayton*, 226 Ark. 712, 292 S. W. 2d 77, this Court adopted the definition of a politi-

---

[1] Emphasis supplied.

cal subdivision as defined by the Supreme Court of New Jersey,[2] stating:

"Moreover, political subdivisions have been defined as that 'they embrace a certain territory and its inhabitants, organized for the public advantage, and not in the interest of particular individuals or classes; that their chief design is the exercise of governmental functions; and that to the electors residing within each is, to some extent, committed the power of local government, to be wielded either mediately or immediately within their territory for the peculiar benefit of the people there residing.' "

It is obvious that the above definition embraces school districts, and in *Christenson* v. *Felton*, 226 Ark. 985, 295 S. W. 2d 361, a school election case, this Court pointed out that a school district is a political township, stating "in governmental matters a township is a political subdivision." In fact, as far back as 1870, this Court said: "Counties are a political division of the state government, organized as part and parcel of its machinery, like townships, *school districts,*[3] and kindred subdivisions. * * * Their functions are wholly of a public nature, and their creation a matter of public convenience and governmental necessity, and in order that they may the better subserve the public interest, certain corporate powers are conferred upon them." See *Granger and Wife* v. *Pulaski County,* 26 Ark. 37. Since our Workmen's Compensation Act definitely excludes the State and each of its political subdivisions, it follows that a claim for compensation cannot be sustained under the provisions of this Act.

*Does a public school teacher come within the purview of Act 462 of 1949?* To state it differently, is a school district an agency of the State, and its employees consequently state employees?[4] Here again, the answer

---

[2] *Allison* v. *Corker,* 67 N.J.L. 596, 52 A. 362, 60 L.R.A. 564.

[3] Emphasis supplied.

[4] We have held that employees of a state agency are employees of the State. See *Arkansas Highway Commission* v. *Clayton, supra.*

to each question is "no". The act referred to (§ 13-1407, Ark. Stats. Anno.) provides as follows:

"Effective March 16, 1949, the Workmen's Compensation Commission shall have exclusive jurisdiction, as herein limited, of all claims against the State of Arkansas and its several agencies, departments, and institutions, for personal injuries and deaths of employees of the State of Arkansas and its agencies, departments and institutions, arising out of and in the course of employment, and occurring on or after March 16, 1949. Awards for such injuries and deaths shall be made by the Workmen's Compensation Commission in the same amounts and on the same terms and conditions as if such injuries and deaths had arisen out of and in the course of private employment covered by the Workmen's Compensation Act [§§ 88-1301—81-1349], and the procedure to be followed in the presentation, hearing and determination of such claims shall in all respects be the same as in claims for compensation for injuries and deaths arising out of and in the course of private employment covered by the Workmen's Compensation Act. * * * The General Assembly shall at each biennial session appropriate, from such sources as it may see fit, a sum sufficient to satisfy such claims as are or probably will be payable during the following fiscal biennium under awards made under this section. The Workmen's Compensation Commission shall direct the distribution of this fund and disburse same upon its vouchers issued against same."

Appellant contends, that even though a school district is a governmental subdivision, it still has the status of a state agency, and public school teachers are afforded coverage by the act just quoted. Perhaps, giving the word a loose or general meaning, school districts might be termed state agencies, inasmuch as the Legislature designated to such districts the duty of educating the children of the state in elementary and secondary schools; however, we do not agree that this general term has any application, nor any pertinence, to the

language of the statute under consideration. Section 80-402, referring to school districts, provides: ''Each school district in the State shall be a body corporate, may contract and be contracted with, sue and be sued in its corporate name, which shall be the name it now has, unless changed by the county board of education;'' this Court has likewise held that a school district is a corporation. *Clarke* v. *School District No. 16, et al,* 84 Ark. 516, 106 S. W. 677. There is nothing in the statutes creating school districts to indicate that the State has control over them. In *State, Ex Rel, Attorney General* v. *State Board of Education,* 195 Ark. 222, 112 S. W. 2d 18, this Court said:

''In *Davis* v. *Phipps,* it is correctly stated that school districts, are not, strictly speaking, a part of the State in the sense that the General Assembly must deal with them. Like levee and drainage improvement districts, counties, cities, and towns, they do not require biennial appropriations, but may function in a quasi independent manner by virtue of continuing statutes or constitutional provisions. This is not true with respect to the State Board of Education, and some other departments of the State.''

It would appear that a school district is in the same legal category as a housing authority. Both are created by the General Assembly, both are termed, and are body corporates, and both may sue and be sued. In *Fagan Electric Co., Inc.,* v. *The Housing Authority, City of Blytheville,* 216 Ark. 932, 228 S. W. 2d 39, we held that these public corporations are ''no more an agency of the State than is any other corporation as to which the State has done nothing except to bring into existence.'' Similarly, the State's connection with school districts has been limited to the act of bringing such districts into being. The school boards operate the schools in their respective districts, purchase the required property, hold title to the property for the district, and have complete charge of maintenance.

In determining the question of agency, it is also interesting to note that we have repeatedly held that an agency of the state cannot be sued since a suit against such an agency is, in fact, a suit against the state itself. See *Jobe, et al v. Urquhart,* 98 Ark. 525, 136 S. W. 663; *Arkansas State Highway Commission* v. *Nelson Brothers,* 191 Ark. 629, 87 S. W. 2d 394; *Watson* v. *Dodge,* 187 Ark. 1055, 63 S. W. 2d 993; *Allen Engineering Company* v. *Kays,* 106 Ark. 174, 152 S. W. 992. As heretofore pointed out, school districts are subject to suit, and such suits have been maintained in this state.

We have concluded that a school district is not an agency of the state as referred to in Act 462 of 1949, and its employees are not state employees. Appellant likens the status of public school teachers, under the Act, to that of instructors in state supported colleges, but the comparison is not apt, for the latter *are* state employees. There are many distinctions between those employed by state institutions of learning, and those employed by school districts. The faculty of state supported colleges is employed by a board of directors, appointed by the Governor of the state. School teachers are employed by school boards whose members are elected by the people of that school district. The state supported colleges serve the people of the entire state, while the school district serves only those within its district boundaries. Funds for the university and colleges are derived from state-wide revenues, with no assistance from local taxes, whereas school districts levy millage for the support of their respective schools. However, the vital difference, heretofore mentioned, is the seat of control. For colleges, control is in the state; for high schools and grade schools, control is local, and rests in a local board, subject to the will of the people.

Appellant cites some cases from other states in support of her argument that teachers are eligible for compensation, but the coverage afforded teachers in the cases cited is authorized under the terms of the statute involved. The Idaho statute clearly includes "school

districts''; the same is true of Illinois; likewise, Iowa, Nevada and Ohio, states also referred to in appellant's citations, specifically mention school districts in defining "employer" and "employee". Statutes of some additional states likewise specifically mention "school districts", "political sub-divisions", or "public and quasi-public corporations". Our statute, of course, does not include the language mentioned, and appellant's argument must fail.

Based on the reasoning heretofore set out, we conclude that the Pulaski Circuit Court acted properly in granting the Petition for Prohibition.

Affirmed.[5]

BOHLINGER, J., not participating.

---

[5] It might be mentioned, that under § 81-1307 of the Workmen's Compensation Act, any employer who is exempt from the provisions of the act, or whose employment or occupation is excepted, may waive such exemption or exception, and voluntarily come under its provisions. Some school districts have done this, and have obtained workmen's compensation insurance. This was not done in the case of the Prescott School District.