The Honorable Mike Ross State Senator P.O. Box 374 Prescott, AR 71857
Dear Senator Ross:
This is in response to your request for an opinion on whether a school teacher or administrator falls under the definition of a state employee.
It is my opinion that while the particular context of the question may have relevance, depending upon what state statutes are involved, school employees are generally not considered state employees. The case of Muse v. Prescott School Dist.,233 Ark. 789, 349 S.W.2d 329 (1961) illustrates the rationale that forms the basis of this conclusion. That case involved the question of whether a public school teacher falls within the general provisions of the Workers' Compensation Act; and if not, whether the teacher is covered by the act which provides compensation for employees of the State of Arkansas, its agencies, departments, and institutions for injuries arising out of and in the course of employment. Act 462 of 1949; see A.C.A. § 19-10-401 and -402.
Because the Workers' Compensation Act excluded, at that time, "each of the political subdivisions" of the state,[1] the court rejected the teacher's claim for compensation under the act, concluding that school districts are clearly "political subdivisions." Muse, 233 Ark. at 790-791.
The court then addressed the question of whether a school district is an agency of the state, and its employees consequently state employees within the purview of Act 462 of 1949. Id. at 791. The court initially noted that "[p]erhaps, giving the words a loose or general meaning, school districts might be termed state agencies, inasmuch as the Legislature designated to such districts the duty of educating the children of the state in elementary and secondary schools." Id. at 792. It ultimately concluded, however, that this "loose or general meaning" was not dispositive in connection with the statute under consideration which provided compensation for "all claims against the State of Arkansas and its several agencies, departments, and institutions, for personal injuries and deaths of employees of the State of Arkansas and its agencies, departments and institutions, arising out of and in the course of employment. . . ." Id. See A.C.A. § 19-10-402. In distinguishing school districts from state agencies, the court first quoted the following from previous decisions:
 `. . . school districts are not, strictly speaking, a part of the State in the sense that the General Assembly must deal with them. Like levee and drainage improvement districts, counties, cities, and towns, they do not require biennial appropriations, but may function in a quasi independent manner. . . . This is not true with respect to the State Board of Education, and some other departments of the State.'
Id. at 793, citing State Ex Rel. Attorney General v. StateBoard of Education, 195 Ark. 222, 112 S.W.2d 18 (1937) andDavis v. Phipps, 191 Ark. 298, 85 S.W.2d 1020 (1935).
The court then analogized school districts to housing authorities, stating:
 . . . these public corporations are `no more an agency of the State than is any other corporation as to which the State has done nothing except to bring into existence. . . .' The school boards operate the schools in their respective districts, purchase the required property, hold title to the property for the district, and have complete charge of maintenance. [Citation omitted.]
Id. The court also rejected the contention that public school teachers may be compared to instructors in state-supported colleges, stating:
 [T]he comparison is not apt, for the latter are
state employees. There are many distinctions between those employed by state institutions of learning, and those employed by school districts. The faculty of state supported colleges is employed by a board of directors, appointed by the Governor of the state. School teachers are employed by school boards whose members are elected by the people of that school district. The state supported colleges serve the people of the entire state, while the school district serves only those within its district boundaries. Funds for the university and colleges are derived from state-wide revenues, with no assistance from local taxes, whereas school districts levy millage for the support of their respective schools. However, the vital difference, heretofore mentioned, is the seat of control. For colleges, control is in the state; for high schools and grade schools, control is local, and rests in a local board, subject to the will of the people. [Emphasis original.]
The Arkansas Supreme Court has therefore ruled that public school employees are not state employees, nor is the school district a state agency, under a statute that applies to "employees of the State of Arkansas and its agencies, departments, and institutions." A.C.A. § 19-10-402. See, e.g., § 19-11-701 etseq. (ethics for persons drawing a salary from or performing personal services for a state agency); A.C.A. § 21-5-201 etseq. (Uniform Classification and Compensation Act).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The act was subsequently amended to extend coverage to,inter alia, officers and employees of public schools. A.C.A. § 6-17-1401 to -1405.