The Honorable Lloyd C. McCuiston, Jr. State Representative 1501 N. Golf Link Cove West Memphis, AR 72301-3867
Dear Representative McCuiston:
This is in response to your request for an opinion on the following questions:
 1. What is the definition of an `elective or other appointive office under the municipal, county, state, or federal government' as cited in A.C.A. 14-201-105(c)?
 2. Is a college or university a political subdivision under Arkansas Code?
It must be initially noted in response to your first question that the Attorney General, as a member of the executive department, does not possess the authority to legislate a definition where the General Assembly has elected not to provide one. While I am therefore unable to provide a controlling definition of "elective or other appointive office under the municipal, county, state, or federal government," as that phrase appears in § 14-201-105, reference to judicial decisions regarding the usual distinction between a public "office" and public employment will be helpful.
The Arkansas Supreme Court set forth the governing principles inMaddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952), wherein it addressed a statute prohibiting members of county boards of education from holding ". . . any salaried or fee office of the State or any political subdivision thereof." (A.C.A. § 6-12-101
(1987)). The court noted that a public officer ordinarily exercises some part of the state's sovereign power, and that the usual factors signifying a public office include the taking of an oath of office, the receipt of a formal commission, and the giving of a bond. 220 Ark. at 763. The tenure of office, the compensation, and the duties of office are ususally fixed by law.Id. See also Martindale v. Honey, 259 Ark. 416,533 S.W.2d 198 (1976). These factors all indicate that a public office is involved, although no single factor is ever conclusive.Maddox, 220 Ark. at 764. It has also been stated that the duties of an office are usually continuing in nature and are defined by rules prescribed by law rather than by contract.Haynes v. Riales, 226 Ark. 370, 290 S.W.2d 7 (1956).
The above decisions would, in my opinion, likely be referenced in a court's determination of what constitutes an "elective or other appointive office" for purposes of A.C.A. § 14-201-105(c). The presence of the above factors will indicate that the position constitutes an "office," although the presence of each and every one is not necessarily critical to that determination.[1]
The sovereign authority which the officer is entitled to exercise will determine whether it is an office under the municipal, county, state or federal government.
With regard to your second question, a conclusive determination would require reference to the particular Code section. As a general matter, however, my research of case law indicates that while state-supported institutions of higher education are considered state institutions and instrumentalities of the state (see, e.g., Arkansas v. Texas, 346 U.S. 368 (1953), Jacobsv. Sharp, 211 Ark. 865, 202 S.W.2d 964 (1947), AllenEngineering Co. v. Kays, 106 Ark. 174, 152 S.W. 992 (1913), andVincenheller v. Reagan, 69 Ark. 460, 64 S.W. 278 (1901)), they probably do not fit the judicially recognized definition of a "political subdivision" because they typically do not embrace a particular territory. The Arkansas Supreme Court in Muse v.Prescott School Dist., 233 Ark. 789, 349 S.W.2d 329 (1961) noted that it had previously adopted the following definition put forth by the Supreme Court of New Jersey:
 [P]olitical subdivisions have been defined as that `they embrace a certain territory and its inhabitants, organized for the public advantage, and not in the interest of particular individuals or classes; that their chief design is the exercise of governmental functions; and that to the electors residing within each is, to some extent, committed the power of local government, to be wielded either mediately or immediately within their territory for the peculiar benefit of the people there residing.'
233 Ark. at 791, quoting Arkansas Highway Commission v.Clayton, 226 Ark. 712, 715, 292 S.W.2d 77 (1956) and Allison v.Corker, 67 N.J.L. 596, 52 A. 362.
As noted above, however, whether a state-supported college or university constitutes a "political subdivision" under any particular provision of the Arkansas Code would require consideration of the legislation in question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] On the other hand, mere public employment differs from a public office in that some or all of the above characteristics are lacking. Maddox, 220 Ark. at 764.