The Honorable James G. Dietz State Representative 5301 Warden Road, Suite H-1 North Little Rock, AR 72116
Dear Representative Dietz:
This is in response to your request for an opinion on the following question:
 Does Arkansas State law provide for the extension of tort or sovereign immunity to housing authorities in the State?
It is my opinion that the answer to this question is "yes," pursuant to A.C.A. § 21-9-301 (Cum. Supp. 1991) which states:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability and suit for damages. No tort action shall lie against any such political subdivision because of the acts of their agents and employees.
My research has not disclosed an Arkansas case addressing this precise issue. The Arkansas Supreme Court has stated, however, that housing authorities are "separate and independent bodies corporate." Ark. La. Gas Company v. City of Little Rock,256 Ark. 112, 114, 506 S.W.2d 555 (1974). And the Eighth Circuit Court of Appeals has characterized the Arkansas Housing Authorities Act as endowing a housing authority "with all the attributes of a municipal corporation." L.C. Eddy v. City ofArkadelphia, 303 F.2d 473, 476 (1962). The court in Ark. La.Gas Company held that the Little Rock Housing Authority was not an agent of the city for purposes of determining who bore the expense of relocating gas lines. The court summed up the housing authorities acts by stating that ". . . the statutes demonstrate that the housing authorities are autonomous entities that have the power to act in every field related to their work independently of the cities." 256 Ark. at 114. The court quoted the following from a California case:
 `Each functioning body, the city and the housing authority, is a separate body politic vested with specific duties and powers under the Housing Authorities Law. . . .
Id., citing Housing Authority of City of Los Angeles v. Cityof Los Angeles, 243 P.2d 515 (1952).
A housing authority is created, under the Arkansas Housing Authorities Act, as "a public body corporate and politic. . . ." A.C.A. § 14-169-207 (1987). Arkansas Code Annotated § 14-169-211
(1987) states that "[a] housing authority shall constitute a public body corporate and politic, exercising exclusively public and essential governmental functions and having all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this subchapter. . . ." A housing authority has a defined "area of operation." A.C.A. § 14-169-203(8) (1987). Its powers are extensive. See A.C.A. §§ 14-169-211 to -220. Its purpose is, as expressed by the Arkansas Supreme Court: ". . . slum clearance by removing the evils existing therein and emanating therefrom which are a great detriment to the public welfare of our citizens generally and in the attempted prevention of which private agencies cannot successfully cope." Hogue v.The Housing Authority of North Little Rock, 201 Ark. 263, 267,144 S.W.2d 49 (1940).
The foregoing compels me to conclude that a housing authority would in all likelihood be deemed to fall within the following definition of a "political subdivision," drawn from a New Jersey case and adopted by the Arkansas Supreme Court:
 [P]olitical subdivisions have been defined as that `they embrace a certain territory and its inhabitants, organized for the public advantage, and not in the interest of particular individuals or classes; that their chief design is the exercise of governmental functions; and that to the electors residing within each is, to some extent, committed the power of local government, to be wielded mediately or immediately within their territory for the peculiar benefit of the people there residing.'
Arkansas Highway Commission v. Clayton, 226 Ark. 712, 715,292 S.W.2d 77 (1956), quoting Allison v. Corker, 67 N.J.L. 596,52 A. 362. See also Muse v. Prescott School Dist.,233 Ark. 789, 791, 349 S.W.2d 329 (1961).
The question in Muse, supra, was whether a school district is a political subdivision for purposes of an exemption in the workers compensation law applicable to "the State of Arkansas and each of the political subdivisions thereof." 233 Ark. at 790. The court concluded that the above definition embraces school districts, and it quoted the following from a prior decision:
 `Counties are a political subdivision of the state government, organized as part and parcel of its machinery, like townships, school districts, and kindred subdivisions. . . . Their functions are wholly of a public nature, and their creation a matter of public convenience and governmental necessity, and in order that they may the better subserve the public interest, certain corporate powers are conferred upon them.' [Emphasis added.]
Muse, 233 Ark. at 791, quoting Granger and Wife v. PulaskiCounty, 26 Ark. 37 (1870).
The court went on in Muse to state:
 It would appear that a school district is in the same legal category as a housing authority. Both are created by the General Assembly, both are termed, and are body corporates, and both may sue and be sued.
233 Ark. at 793.
It is clear that a housing authority is dissimilar to counties, municipalities, and school districts in that it has no power of taxation. See Fagan Electric Co., Inc. v. The HousingAuthority, City of Blytheville, 216 Ark. 932, 228 S.W.2d 39
(1950) (holding that a housing authority does not fall within a bidding statute applicable to "the State, or any agency thereof, or any county, municipality, school district, or other local taxing unit.") With this exception, however, it appears that a housing authority shares the essential characteristics of these political subdivisions, as outlined in the above definition adopted by the Arkansas Supreme Court. And unlike the statute in question in Fagan, Arkansas Code Annotated § 21-9-310, supra
(granting tort immunity to "political subdivisions"), does not focus on the taxing power.
The absence of the taxing power is not, in my opinion, determinative in this instance. Rather, based upon the foregoing, I believe it may reasonably be concluded that the grant of tort immunity under § 21-9-301 extends to a housing authority in this state.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh