Mr. Bill A. Shirron, Executive Director Arkansas Teacher Retirement System 1400 West Third Street Little Rock, AR 72201
Dear Mr. Shirron:
You have requested an Attorney General opinion concerning Act 996 and Act 555 of 1999.
Act 996 of 1999 established the Tax-Deferred Tuition Savings Program, which is to be administered by the Arkansas Tax-Deferred Savings Program Investment Committee, a committee composed of the Investment Committee of the Board of Trustees of the Arkansas Teacher Retirement System (ATRS) and the Director of the Arkansas Department of Higher Education. The Executive Director of ATRS serves as the Trustee of the Tuition Savings Trust that is established by Act 996.
Act 555 of 1999 allows ATRS to incur debt and issue bonds either directly or through a subsidiary to finance retirement living facilities.
You note that the issue of whether the ATRS, the Arkansas Tax-Deferred Savings Program Investment Committee, and the Tuition Savings Trust are "government entities" or "public instrumentalities" will affect the type of bonds to be issued to finance retirement living facilities, and will affect the disclosures necessary for persons investing in the Tuition Savings Program.
Accordingly, you have presented the following question:
 Are the ATRS, the Arkansas Tax-Deferred Savings Program Investment Committee, and the Tuition Savings Trust "government entities" and "public instrumentalities"?
RESPONSE
It is my opinion, as explained more fully below, that the ATRS, the Arkansas Tax-Deferred Savings Program Investment Committee (the Committee), and the Tuition Savings Trust (the Trust) are "government entities" and "public instrumentalities."
As an initial matter, I must note that you have not defined the term "government entities" or the term "public instrumentalities," nor have you identified their source. I find it pertinent to bring this fact to your attention, because this information could impact upon the conclusions stated in this opinion. For example, you have not identified the particular laws about which you are concerned that will impact upon disclosures to investors in the Tuition Savings Program, or whether these terms are used or defined in those laws. Similarly, you have not identified the particular laws about which are concerned that will impact upon the type of bonds to be issued to finance retirement living facilities, or whether these terms are used or defined in those laws. If any of these laws about which you are concerned do use and define these terms, your question must be analyzed under those definitions.
I also note that Act 996 of 1999, 26 U.S.C. § 529 (which authorized Act 996 of 1999), and Act 555 of 1999 do not use these terms or address this issue. Neither of the two Arkansas Acts states whether the ATRS, the Committee, and the Trust are "government entities" and "public instrumentalities."
In the absence of any stipulated definitions or references to specific statutory uses of these terms, I will assume, for purposes of addressing your question, that in using the term "government entities," you are referring to subordinate creatures or arms of the government — public entities, such as state agencies. I will assume that in using the term "public instrumentalities," you are referring to entities that exist for the purpose of acting as instruments of the public or of the government. I have based these assumptions on the implications of the language of your correspondence.
The Arkansas Supreme Court has provided some guidance in determining whether a particular body is a "state agency." In Muse v. Prescott SchoolDist., 233 Ark. 789, 349 S.W.2d 329 (1961), the court addressed the question of whether a school district is a "state agency." In analyzing the question, the court considered various factors. These factors were:
• The degree of state involvement with and control over the entity;
• Whether the entity receives state appropriations;
• Whether the entity can sue and be sued; and
• Whether the employees of the entity are state employees.
These factors (and others) are helpful in analyzing the question you have presented.
State Involvement and Control
The ATRS, the Committee, and the Trust are all subject to a substantial degree of involvement with and control by the state. Following are various factors that evidence the state's involvement with and control over these entities.
All three entities were created by state law. See A.C.A. §§ 24-7-201;6-84-105; 6-84-104.
Various state officials are directly involved in the governance of the ATRS. The state Auditor, the state Bank Commissioner, state Treasurer, and the Director of state Department of Education all are required by state law to serve on the board of ATRS. The powers and duties of the ATRS board are dictated by state law. A.C.A. § 24-7-305. The records and accounts of the ATRS are required by state law to be audited by the audit division of the General Assembly. A.C.A. § 24-7-305(g). The ATRS is required by law to make an annual audit report to the State Legislative Council. A.C.A. § 24-7-305; 24-3-104; 25-1-101(13). The ATRS Board is also required by law to arrange for surety bonds covering the executive director and any other custodian of the fund or investments of the Board, and the bonds are required by state law to be deposited in the office of the State Treasurer. A.C.A. § 24-7-305(f). Certain employer contributions to ATRS are paid out of the state Public School Fund, by the State Treasurer. A.C.A. § 24-7-401. The state Treasurer handles the default of payments to the ATRS. A.C.A. § 24-7-404. Unpaid penalties levied by the ATRS result in loss of state funds. A.C.A. § 24-7-411.
All of the foregoing methods of state involvement with and control over the ATRS are extended to the Committee and to the Trust by virtue of the crucial involvement of the ATRS with the Committee and the Trust. That is, the state necessarily has a substantial degree of involvement with and control over the Committee and the Trust, because of its substantial involvement with and control over the ATRS. In addition, the Committee is comprised primarily of state employees and officials, and its powers and duties are established by state law. A.C.A. § 6-84-105. Similarly, the uses of the Trust are strictly limited by the provisions of both state and federal law. A.C.A. § 6-84-101 et seq.; 26 U.S.C. § 529.
All of the foregoing factors indicate a substantial degree of state involvement with and control over the ATRS, the Committee, and the Trust.
State Appropriations
The administrative expenses of ATRS are paid out of state appropriations made by the General Assembly. A.C.A. § 24-7-410(c). It necessarily follows that state appropriations will be used in connection with the administration of the Tuition Savings Program (Act 996), and in connection with the administration of the Affordable Housing Investment Act (Act 555).
Ability to Sue and Be Sued
The statute that sets forth the general powers and duties of the ATRS board does not include the power to sue or be sued. A.C.A. § 24-7-305. Similarly, the Committee is not given the power to sue or be sued. A.C.A. § 6-84-105. Moreover, Act 996 specifically articulated the immunity of the Tuition Savings Program, the Committee, and the state, in connection with loss incurred by any person as a result of participating in the program.
Employees of ATRS As State Employees
Employees of the ATRS clearly are state employees, as evidenced by the fact that they are paid from state funds appropriated by the General Assembly, A.C.A. § 24-7-410(c), and by the fact that they are specifically allowed to participate in the Arkansas Teacher Retirement System. A.C.A. § 24-7-202(8)(A)(ix). Under Act 996, these state employees will be directly involved with the Committee and with the administration of the Trust.
Other Factors
Certain factors in addition to those considered by the court in Muse,supra, bolster my conclusion that the ATRS, the Committee, and the Trust, are "government entities" and "public instrumentalities."
I find it significant that the assets of ATRS are given tax exempt status. A.C.A. § 24-7-204.
I also find it significant that the meetings of the ATRS board are required to be held in public, as are those of all state agencies. A.C.A. § 24-7-304. Moreover, the meetings and many records of the Committee would be subject to the Freedom of Information Act, in that the Committee is operated through the use of public funds and public employees. A.C.A. § 25-19-101 et seq.
Finally, it is notable that the Tuition Savings Program and the Committee are explicitly prohibited from guaranteeing any investment in the program, implicitly avoiding violation of Article 16, § 1 of the Arkansas Constitution, which prohibits the state from lending its credit. This implicit attempt to avoid violation of this constitutional provision indicates that the General Assembly conceived of the Trust and the Committee as state entities.
Conclusion
When all of the above-discussed factors are considered, it becomes apparent that the ATRS is a state agency, and that the Committee and the Trust are operated using public funds and public employees to serve an interest of the citizens of Arkansas, as recognized by the state General Assembly. For these reasons, I conclude that the ATRS, the Committee, and the Trust are "government entities" and "public instrumentalities."
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh