Dr. Joel R. Stubblefield, President Westark College 5210 Grand Avenue P.O. Box 3649 Fort Smith, AR 72913-3649
Dear Dr. Stubblefield:
You have requested an Attorney General opinion concerning deferred compensation for a college employee.
You have described a situation in which an employee of Westark College (a state-supported college) received a lump sum severance payment in 1999 when his former employer downsized its workforce. The lump sum severance was larger than expected because the former employer had failed to withhold for a 401K plan. The employee has requested to have his current contract with the college amended in order to defer income from calendar year 1999 to calendar year 2000, so as to avoid excessive taxes for the 1999 tax year.
In light of this situation, you have asked:
 Can a state-supported college amend an employee's contract to defer income from calendar year 1999 to calendar year 2000?
It is my opinion that no provision of Arkansas law would operate to prohibit a state-supported college from amending an employee's contract to defer income from calendar year 1999 to calendar year 2000. However, the arrangement must comply with all requirements and restrictions of federal tax law. It must also comply with any college rules that are in place to govern deferred compensation.[1]
The issue about which you have inquired is primarily a contractual issue. The two parties to the contract — Westark and its employee — are free to enter into any legal contractual arrangement they might negotiate. There is nothing illegal under Arkansas law about a contractual arrangement such as you have described. However, federal law imposes certain requirements, limitations, and restrictions on deferrals of compensation for purposes of federal income tax. The arrangement entered into between Westark and its employee must comply with all such provisions of federal law. Because the Arkansas Attorney General is not equipped to opine definitively on such issues, it would be advisable for you to direct any federal taxation questions to federal officials or to private taxation counsel.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that the provisions of A.C.A. § 21-5-501 etseq. specifically authorize public employers to enter into contracts to defer the compensation of their employees. The pertinent provision states:
 The state or any county, city, town, or other political subdivision may, by contract, agree with any employee to defer, in whole or in part, any portion of that employee's future compensation.
A.C.A. § 21-5-504(a).
The term "employee," as used in the above-quoted section, is defined as follows:
 For the purpose of this subchapter, unless the context otherwise requires, "employee" means any person, partnership, or professional association whether appointed, elected, or under contract, providing services for the state, county, city, town, or other political subdivision for which compensation is paid.
A.C.A. § 21-5-501.
The above-quoted definition is stated broadly enough to include employees of state-supported institutions of higher education. The Arkansas Supreme Court has specifically stated that employees of state-supported colleges are state employees. See Muse v. Prescott School Dist., 233 Ark. 789,349 S.W.2d 329 (1961). Therefore, employees of state-supported colleges can be extended the deferment benefit that is stated in Section 504, quoted above.
It appears, however, that the benefit envisioned by this statutory section is an institution-wide deferred compensation plan, rather than a benefit that is extended on a case-by-case basis. In the case of institutions that have created such a plan, the individual who is responsible for administering the plan for the institution is also responsible for promulgating rules and regulations to govern the plan. Therefore, if the arrangement that is entered into between Westark and its employee is one that falls within the provisions of such a plan, it must comply with the rules and regulations that govern that plan.