The Honorable Olin Cook State Representative 266 South Enid Avenue Russellville, Arkansas 72801-4534
Dear Representative Cook:
I am writing in response to your request for an opinion on newly adopted Act 1752 of 2001. That act amends an existing statute, A.C.A. § 21-5-411
(Supp. 1999), which addresses the eligibility of certain retired employees to continue coverage in the group health insurance program administered under the provisions of A.C.A. § 21-5-401 to -415 (Supp. 1999). Specifically, you note the following:
 [Act 1752] made changes concerning the eligibility of retiring employees of institutions of higher education to participate in the State and Public School Life and Health Insurance Program. However, the act has been interpreted by the Employee Benefits Division of the Department of Finance and Administration as not accomplishing a change in the eligibility of employees of institutions of higher education who retire under an alternate retirement plan. I understand that the position of the Benefits Division is that those employees are not "state employees" as described or defined in the laws relating to the state and public school employees program and therefore are not eligible to come under the plan at retirement.
You pose the following question under these facts:
 Under the laws relating to the State and Public School Life and Health Insurance Program, as amended by Act 1752 of 2001, are employees of institutions of higher education who are under an alternate retirement plan entitled to elect to be covered under the state and public school insurance program or other plan when they retire?
RESPONSE
It is my opinion that the answer to your question is "yes." Such employees are eligible to elect coverage under the state health insurance plan when they retire.
The title of Act 1752 is "An Act to Amend Arkansas Code 21-5-411
Concerning Eligibility of Certain Retired Employees of Institutions of Higher Education to Continue Coverage in the Group Health Insurance Program; and For Other Purposes."
The pertinent provisions of 1752 (§§ 1 and 2), amend subsections (a)(1) and (c) of A.C.A. § 21-5-411 as follows:
 SECTION 1. Arkansas Code 21-5-411(a)(1), concerning eligibility of certain retired employees to continue coverage in the group health insurance program, is amended to read as follows:
 (a)(1) State employees who are members of:
 (A) The Arkansas Public Employees' Retirement System, including the members of the legislative division and the contract personnel of the Arkansas National Guard;
 (B) The Arkansas Teacher Retirement System;
 (C) The Arkansas State Highway Employees' Retirement System; and
 (D) An alternate retirement plan; and
 (D)(E) The Arkansas Judicial Retirement System who are now retired and drawing benefits under the systems and members of those systems who hereafter retire and receive retirement benefits under the systems shall be eligible to continue coverage and, if qualified, to participate in the group health insurance program instituted pursuant to the provisions of this subchapter and other laws enacted to implement the program. At the time members of those systems elect to receive retirement benefits, thereby becoming "active retirees", an election shall also be made to continue coverage in the health benefit programs sponsored by the State and Public School Life and Health Insurance Board. If members of these retirement systems receive retirement benefits, thereby becoming active retirees, the active retirees shall elect to enroll in a health benefit program sponsored by the State and Public School Life and Health Insurance Board. The election to enroll shall be made within thirty-one (31) days of the member becoming an active retiree and shall be made in writing to the executive director on forms prescribed by the board. To be eligible to continue coverage or to qualify for coverage after electing to decline participation, the member must have been covered or been eligible for coverage on the last day of the member's employment. Any election made to decline participation in the health benefit programs is final. Except as provided in the next sentence, an active retiree's failure to make an election during the thirty-one (31) day election period or an active retiree's election to decline participation in the health program is final. If an active retiree declining coverage, specifies in writing that the reason for the declination is because the active retiree has coverage through another insurance program or group health plan, and the active retiree's coverage is subsequently terminated because of a loss of eligibility, then the active retiree and any dependents shall qualify for coverage in a health benefit program under this subsection upon payment of the appropriate premium as established by the board, provided the active retiree applies for coverage within thirty-one (31) days of the loss of eligibility. Any subsequent termination of health benefits by the retiree is final.
 SECTION 2. Arkansas Code 21-5-411(c), concerning eligibility of certain retired employees to continue coverage in the group health insurance program, is amended to read as follows:
 "(c) Eligible employees of institutions of higher education, technical institutes, the Department of Higher Education, the Department of Workforce Education, and the Arkansas Rehabilitation Services who are retired with at least ten (10) five (5) years of creditable service after July 1, 1983, shall be allowed to participate in the group insurance program provided for in this subchapter but shall pay the full amount of the premium or cost of the policy issued to the retired participant. All eligible participants must make an option selection of coverage within thirty-one (31) days subsequent to the date of their notification of termination or retirement."
The underlined language was added to the statute by Act 1752. Act 1752 appears to have been harmonized in this regard with an earlier act passed at the same session, Act 1171 of 2001. Act 1752 incorporates every change made to subsections (a)(1) and (c) of the statute by Act 1171 and inserts the additional language displayed in bold text above. It appears to have been a primary intention of Act 1752 to address employees of institutions of higher education and other employees who participate in an "alternate retirement plan." Language regarding "alternative retirement plans" was specifically inserted into the statute by Act 1752. Such "alternate retirement plans" are governed and defined by two subchapters of the Arkansas Code, A.C.A. §§ 24-7-801 to -808 and A.C.A. § 24-7-901 to -909 (Repl. 2000). An "alternate retirement plan" is defined in the first subchapter as a "retirement plan based on the purchase of contracts providing retirement and death benefits for the teachers and administrative officers of state-supported colleges, Arkansas State University, and the department [of higher education] employees." A.C.A. § 24-7-801(1).[1] In the second subchapter, such a plan is defined as "a retirement plan based on the purchase of contracts providing retirement and death benefits for the instructors and administrative staff of the technical institutes or postsecondary vocational-technical schools of the State of Arkansas and the staff of the Department of Workforce Education and which has been approved by the board."
You state your understanding that the Employee Benefits Division of DFA has taken the position that employees who participate in an "alternate retirement plan" are not "state employees," and thus are not eligible to elect to come under the group health insurance plan at retirement. I disagree with this conclusion.
As an initial matter, I must note that Act 1752 itself inserts the words "alternate retirement plan" into a subsection of A.C.A. § 21-5-411 that concerns only "state employees." Subsection (a)(1) of A.C.A. § 21-5-411
now states that "State employees who are members of . . . An alternate retirement plan . . . shall be eligible. . . ." Clearly, the legislature recognized in Act 1752 that at least some employees participating in an "alternate retirement plan" are state employees. Several other factors support this conclusion.
First, Act 1814 of 2001, which amends A.C.A. § 21-5-410, dealing with eligibility of current employees to participate in the group health insurance program, inserts a new provision into the statute stating that: "Membership of state employees is conditioned upon the employee being in a budgeted state employee position or a position authorized by the General Assembly." Act 1814, § 2. This requirement sheds light on the term "state employees" used in A.C.A. § 21-5-411(a)(1) with respect to retired state employees. This eligibility requirement appears to have been met with regard to "teachers and administrative officers of state-supported colleges, Arkansas State University, and the [higher education] department employees," who constitute the employees eligible for participation in a "alternate plan" under A.C.A. § 24-7-801(1).[2]
Such employees occupy positions authorized by the General Assembly. Seee.g., Act 1612 of 2001 (appropriation for the Arkansas Department of Higher Education); Act 230 of 2001 (appropriation act for Arkansas State University) and Act 1238 (appropriation act for the University of Arkansas).[3]
Second, the term "state employees," is defined generally in other sections of the Arkansas Code as including employees of the institutions of higher education. See e.g., A.C.A. § 19-4-521(2) (as amended by Act 1453 of 2001) (defining a "state employee," for purposes of prohibiting extra-help compensation, as "any employee occupying a regular salaried position for a state agency, board, commission, department, or institution of higher education"); and A.C.A. § 24-2-401(4)(C)(i) and (ii) (defining a "state employer," in a subchapter governing reciprocal retirement credits, as including a public employer "who is: (i) A college, university, or the Department of Higher Education whose employees are covered by an alternate retirement plan provided for under § 24-7-801 et seq.; or (ii) A vocational-technical school or the Department of Workforce Education whose employees are covered by an alternate retirement plan provided for under § 24-7-901 et seq.").
Third, previous decisions of the Arkansas Supreme Court and opinions of the Attorney General recognize that employees of state-supported institutions of higher education are "state employees." For example,dicta in the case of Muse v. Prescott School District, 233 Ark. 789,349 S.W.2d 329 (1961), which discussed the status of school district employees, is instructive on this point:
 We have concluded that a school district is not an agency of the state as referred to in Act 462 of 1949, and its employees are not state employees. Appellant likens the status of public school teachers, under the Act, to that of instructors in state supported colleges, but the comparison is not apt, for the latter are state employees. There are many distinctions between those employed by state institutions of learning, and those employed by school districts. The faculty of state supported colleges is employed by a board of directors, appointed by the Governor of the state. School teachers are employed by school boards whose members are elected by the people of that school district. The state supported colleges serve the people of the entire state, while the school district serves only those within its district boundaries. Funds for the university and colleges are derived from state-wide revenues, with no assistance from local taxes, whereas school districts levy millage for the support of their respective schools. However, the vital difference, heretofore mentioned, is the seat of control. For colleges, control is in the state; for high schools and grade schools, control is local, and rests in a local board, subject to the will of the people.
Id. at 794. See also Ops. Att'y Gen. 99-267, n. 1 and 87-200.
In my opinion, therefore, the employees of institutions of higher education participating in an "alternate retirement plan" under applicable statutes are clearly "state employees" for purposes of electing to participate in the group health insurance governed by A.C.A. §21-5-401 to -417 upon retirement.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Act 765 of 2001, which is not yet effective, amends this definition to read as follows: "(1) `Alternate retirement plan' means a retirement plan based on the purchase of contracts providing retirement and death benefits for the teachers and administrative officers of state-supportedcolleges employees of Arkansas State University, and the departmentemployees, and employees of Arkansas' state-supported universities,colleges, or junior colleges that are not a part of the University ofArkansas system."
[2] Again, this provision is amended by Act 765 of 2001. See note 1,supra.
[3] The requirement is also met with regard the employees mentioned in Section 2 of Act 1752 (the employees of technical institutes, the Department of Higher Education, Workforce Education and Arkansas Rehabilitation Services). See e.g., Acts 606 of 2001 (appropriation for Great Rivers Technical Institute); 555 (appropriation for Northwest Technical Institute); 605 (appropriation for Cotton Boll Technical Institute); 731 (appropriation for Foothills Technical Institute); 733 (appropriation for Arkansas Valley Technical Institute); 781 (appropriation for Delta Technical Institute); 1240 (Quapaw Technical Institute); 691 (Forest Echoes Technical Institute) and 732 (Crowley's Ridge Technical Institute); 1612 (appropriation act for Department of Higher Education); 1509 (appropriation act for Department of Workforce Education) and 442 (appropriation act for Rehabilitation Services).