Mr. Carl Barger, Superintendent Arkansas School for the Deaf 2400 W. Markham, Box 3811 Little Rock, AR 72203
Dear Mr. Barger:
You have presented the following question for my opinion:
 Are teachers who transfer to the Arkansas School for the Deaf from a public school district after a break in service entitled to keep the leave time that they had accumulated in the public school district?
You indicate that your question arises out of a situation in which a teacher who transferred to the Arkansas School for the Deaf from the Warren Public School District after a one-year break in service has been denied a transfer of the 90 days of sick leave that she had accumulated while with the Warren Public School District, because of an Office of Personnel Management policy that prohibits transferring sick leave when there has been a break in service. You have specifically inquired as to the applicability of the Teachers' Minimum Sick Leave Law (A.C.A. §6-17-1201 et seq.), which does not mention the issue of the impact of a break in service upon the transferability of accumulated leave time.
RESPONSE
It is my opinion, as explained more fully below, that teachers who transfer to the Arkansas School for the Deaf from a public school district after a break in service are entitled to keep the leave time (up to 90 days) that they had accumulated while working in the public school district.
The situation you have described is governed, in my opinion, by A.C.A. §6-17-1206 of the Teachers' Minimum Sick Leave Law, and by an Office of Personnel Management regulation that corresponds to that statute. Before discussing those governing provisions, I will explain why it is my opinion that the Office of Personnel Management regulation on the basis of which the transfer of sick leave was denied does not apply to this situation.
It is my understanding that the individual whose situation gave rise to your question was denied the transfer of accrued sick leave on the basis of Office of Personnel Management Regulation No. 2.12, which states:
 2.12. Employees transferring without a break in service, between State agencies and/or State supported institutions of higher education which are covered by these policies shall retain all accumulated annual leave.
Office of Personnel Management, Sick Leave Regulation No. 2.12 (emphasis added).
I find it pertinent that the above-quoted regulation applies to transfers "between state agencies" (as does the corresponding statute, A.C.A. §21-4-207(e)(3), which is part of the Uniform Attendance and Leave Policy Act, under the authority of which the Office of Personnel Management promulgates regulations. See generally A.C.A. § 21-5-207). It is my opinion that for this reason, Regulation No. 2.12 does not govern the situation about which you have inquired. Public school districts do not, in my opinion, constitute "state agencies," within the meaning of Office of Personnel Management Regulation No. 2.12, nor do public school employees constitute "state employees" for purposes of these regulations. This office has previously so opined, and I concur with that conclusion. See Op. Att'y Gen. No. 91-244. Accord, Op. Att'y Gen. No.88-099. Although this precise issue has not been presented to the Arkansas Supreme Court, my conclusion regarding this matter is bolstered by the court's decision in Muse v. Prescott School Dist., 233 Ark. 789,349 S.W.2d 329 (1961), in which the court held that public school districts are not state agencies, and school employees are not state employees, for purposes of the Workers' Compensation laws. In analyzing the issue, the court stated:
 In State, Ex Rel, Attorney General v. State Board of Education, 195 Ark. 222, 112 S.W.2d 18, this Court said: "In Davis v. Phipps, it is correctly stated that school districts, are not, strictly speaking, a part of the State in the sense that the General Assembly must deal with them. Like levee and drainage improvement districts, counties, cities, and towns, they do not require biennial appropriations, but may function in a quasi independent manner by virtue of continuing statutes or constitutional provisions. This is not true with respect to the State Board of Education, and some other departments of the State."
 It would appear that a school district is in the same legal category as a housing authority. Both are created by the General Assembly, both are termed, and are body corporates, and both may sue and be sued. In Fagan Electric Co., Inc., v. The Housing Authority, City of Blytheville, 216 Ark. 932, 228 S.W.2d 39, we held that these public corporations are "no more an agency of the State than is any other corporation as to which the State has done nothing except to bring into existence." Similarly, the State's connection with school districts has been limited to the act of bringing such districts into being. The school boards operate the schools in their respective districts, purchase the required property, hold title to the property for the district, and have complete charge of maintenance.
Muse v. Prescott School Dist., 233 Ark. 789, 793, 349 S.W.2d 329 (1961). The Muse court also concluded that employees of an entity that is not a state agency, such as school district employees, are not state employees.
It is my opinion that if presented with the question of whether school districts are state agencies for purposes of Office of Personnel Management Regulation No. 2.12, a court would apply the reasoning employed in Muse, supra, to conclude that they are not. Accordingly, I conclude that because Office of Personnel Management Regulation No. 2.12 governs transfers "between state agencies," it does not govern transfers between a public school district and the Arkansas School for the Deaf.
Instead, it is my opinion (as indicated previously) that transfers from a public school district to the Arkansas School for the Deaf are governed by the Teachers' Minimum Sick Leave Law (A.C.A. § 6-17-1201 et seq.), and by another, more specific regulation of the Office of Personnel Management.
The pertinent provision of the Teachers' Minimum Sick Leave Law states:
 (a) Whenever an employee of a school district, an educational cooperative, a state education agency, or a two-year college in this state shall leave the school district, educational cooperative, state education agency, or two-year college and accept employment in another school district in this state, educational cooperative, state education agency, or two-year college, the employee shall be granted credit by the new school district, educational cooperative, state education agency, or two-year college for any unused sick leave accumulated by the employee while employed by the former school district but not to exceed a maximum of ninety (90) days.
A.C.A. § 6-17-1206(a).
The corresponding regulation of the Office of Personnel Management states:
 3.19. School teachers or other certified personnel employed by a school district who transfer to another school district, an educational cooperative, or a position requiring certification approved by the Department of Education in a state agency shall be granted credit in the new position for up to ninety (90) days unused sick leave accumulated in the former position.
Office of Personnel Management, Sick Leave Regulation No. 3.19.
The above-quoted provisions do not condition the transfer of accrued sick leave on there not having been a break in service.
It should be noted that the Arkansas School for the Deaf has always been deemed a "state agency" for purposes of the Office of Personnel Management regulations. I agree with this designation, for the reasons stated in Muse, supra. It is my opinion further that the Arkansas School for the Deaf more specifically constitutes a "state education agency" within the meaning of A.C.A. § 6-17-1206(a), quoted above.
I find it pertinent that the Teachers' Minimum Sick Leave Law, which was originally enacted in 1971, was amended in 1991 to allow transfers of sick leave accumulated in school districts to positions requiring certification by the Department of Education in "state agencies." Therefore, if the Arkansas School for the Deaf has always been deemed a "state agency," transfers by certified teachers from school districts to the Arkansas School for the Deaf should have been governed by the Teachers' Minimum Sick Leave Law since 1991. The law was amended by Act 774 of 1999 to remove its restriction to certified employees, and to specify transfers to "state education agencies," rather than "state agencies" generally. In enacting this amendment in 1999, the legislature apparently intended to narrow the scope of agencies to which it applies by removing from its governance transfers to any and all state agencies.[1]
Instead, the law will now only govern transfers to "state education
agencies" (in addition to transfers to school districts, educational cooperatives, and two-year colleges). As the law is now constituted, the entities that are specifically listed as falling within the law's governance are all education-related entities. I find it unlikely that the legislature would have intended that the employees of an educational entity such as the Arkansas School for the Deaf should not be governed in the same manner as the employees of all other educational entities in the state, simply by virtue of the fact that the Arkansas School for the Deaf happens to have characteristics in common with other, more general "state agencies." Indeed, other "state education agencies" that would undoubtedly fall within the governance of the Teachers' Minimum Sick Leave Law, such as the Arkansas Department of Education or the Arkansas Department of Workforce Education,[2] have many more characteristics in common with general state agencies and many fewer characteristics in common with school districts than does the Arkansas School for the Deaf. Thus, if the Teachers' Minimum Sick Leave Law should apply to those "state education agencies," it should clearly apply to the Arkansas School for the Deaf.
I note that the term "state education agency," as used in the Teachers' Minimum Sick Leave Law is not statutorily defined, nor has it been judicially interpreted. Pending such legislative or judicial clarification, I believe that my interpretation is consistent with the Arkansas Supreme Court's stated basic rule of statutory construction, which is to determine the intent of the legislature. Williams v. LittleRock School District, (Ark. Docket No. 01-499, 2-14-2002); Barclay v.First Paris Holding Co., 344 Ark. 711, 42 S.W.3d 496 (2001);NationsBank, N.A. v. Murray Guard, Inc., 343 Ark. 437, 36 S.W.3d 291
(2001).
Accordingly, I conclude that the Arkansas School for the Deaf is a "state education agency," within the meaning of the Teachers' Minimum Sick Leave Law, and is therefore subject to the sick leave provisions of that Act. As previously stated, that Act does not prohibit the crediting of sick leave in the event that the transfer in question occurs after a break in service. Nor does the Office of Personnel Management's corresponding regulation, quoted above (Regulation No. 3.19).[3] I note that that regulation explicitly applies to a transfer by a certified teacher from a public school to a position requiring certification at the Arkansas School for the Deaf.
Given this analysis, I must conclude that teachers who transfer to the Arkansas School for the Deaf from a public school district after a break in service are entitled to keep the leave time (up to 90 days) that they had accumulated in the public school district.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] The legislature also apparently intended to broaden the scope of employees to whom it applies, by removing the restriction to certified employees.
[2] If the term "state education agency" does not apply to agencies such as the Department of Education or the Department of Workforce Education, it is not clear that it would apply to any state agency.
[3] Regulation 3.19 appears not to have been amended to reflect the 1999 amendment to A.C.A. § 6-17-1206(a).