The Honorable Robert E. Dale State Representative
90 Claud Hottinger Road Dover, Arkansas 72837-8060
Dear Representative Dale:
This is in response to your request for my opinion on the following questions:
 1. Are teachers state employees for purposes of being included in Ark. Code Ann. A.C.A. § 21-4-213?
 2. Does the Dover School District Personnel Policy run afoul of Ark. Code Ann. § 21-4-213(b)(1)(B) in the matter stated above?
As background for these questions, you note the following:
 The Dover School District Personnel Policy states: "Professional leave will also be granted when a school district [employee] is subpoenaed for a matter arising out of the employee's employment with the school district."[1]
Recently, a teacher employed by the Dover School District was subpoenaed to testify in a capital murder case. According to the Dover School District Personnel Policy, the teacher would not be compensated for time off due to the subpoena because the matter does not arise out of the employee's employment with the school district.
RESPONSE
The answer to both of these questions is "no," in my opinion.
The statute you have cited, A.C.A. § 21-4-213, provides in relevant part as follows:
 If an employee is subpoenaed as a witness to give a deposition or testimony in state or federal court, at a hearing, or before any body with power to issue a subpoena, the employee is:
 (1) Entitled to his or her salary if the employee is a witness in a matter:
 (A) Within the employee's scope of state employment; or
 (B) Outside the employee's scope of state employment and the employee is not serving as a paid expert witness or is not a party to the matter; and
 (2) Required to take annual leave to attend the deposition, hearing, or appear in court only if the matter is outside of the employee's scope of state employment and the employee is serving as a paid expert witness or is a party to the matter.
A.C.A. § 21-4-213(b) (Supp. 2009).[2]
This statute was enacted as part of the Uniform Attendance and Leave Policy Act, A.C.A. § 21-4-201 et seq., the purpose of which is "to establish a uniform attendance and leave policy for all affected state employees of [covered] agencies, boards, and commissions. . . ." A.C.A. § 21-4-202 (Repl. 2004). This body of law plainly applies to state employees. Subsection 21-4-203(8) of the Code (Repl. 2004) defines the term "employee" as meaning "a person regularly appointed or employed in a position of state service by a state agency, as defined in subdivision (1) of this section, for which he or she is compensated on a full-time basis."[3] This definition does not encompass teachers employed by local school districts. See Op. Att'y Gen. 88-099 (stating that the Uniform Attendance and Leave Policy Act "does not extend to local school district employees.") See also Op. Att'y Gen. 91-244 (noting that "school employees are generally not considered state employees," citing Muse v. Prescott School Dist., 233 Ark. 789, 349 S.W.2d 329 (1961)).
The answer to your first question is therefore "no," in my opinion. Teachers are not state employees for purposes of being included in A.C.A. § 21-4-213.
As a consequence, the answer to your second question is also "no." The personnel policy does not run afoul of A.C.A. § 21-4-213, in my opinion.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The term "employee" was not included in your recitation of the Personnel Policy. I have added it under the assumption that this was an inadvertent omission.
[2] This statute also addresses jury duty. A.C.A. § 21-4-213(a) (Supp. 2009). Please note in this regard that I have enclosed a copy of Attorney General Opinion, No. 2010-062, issued in response to several questions concerning school district practices in connection with teachers who are called to jury duty.
[3] I am uncertain why the statute references "subdivision (1)," which defines the terms "agency head" and "agency director" as meaning "the executive head of all agencies, departments, boards, commissions, bureaus, councils, or other agencies of the state." With certain inapplicable exceptions, subdivision (11) of the statute defines "state agencies" as comprising "all agencies, departments, boards, commissions, bureaus, councils, state-supported institution of higher learning, or other agencies. . . ."